MYRON R. BREWSTER, Respondent, *v.* JAMES C. DAVIS, as Successor in Office to JOHN BARTON PAYNE, Director-General of Railways, and Agent Appointed by the President of the United States, Pursuant to the Act of Congress, Approved February 28, 1920, and Known as the Transportation Act, Appellant.

Fourth Department, January 2, 1924.

Carriers — carriers of goods — action to recover for goods lost in transit — time of transportation of other goods shipped by plaintiff at same time and from same place shows reasonable time for transportation — bill of lading required notice of loss to be filed within six months and action to be commenced within two years and one day after reasonable time for delivery had elapsed — action was commenced after expiration of time limited — receipt by plaintiff for part of goods which noted shortage of goods sued for does not amount to claim for loss under bill of lading — finding of jury that filing claim was waived supported by evidence — carrier did not waive provision limiting time for commencement of action.

In an action against a common carrier to recover for goods lost in transit, which were a part of a larger shipment, the time required for the transportation of that part of the goods which was actually received at the point of destination may, in the absence of other evidence, be considered a reasonable time for transportation from the point of shipment to the point of destination.

The requirement in the bill of lading that in case goods were not delivered a claim must be made in writing within six months after reasonable time for delivery had elapsed, was not complied with by a receipt signed by the plaintiff for that part of the goods which were delivered, in which there is a statement that the shipment was short the goods sued for in this action.

While the jury were justified by the evidence in finding that the defendant had waived its right to the filing of notice of claim within six months after a reasonable time for delivery had elapsed, there is nothing in the correspondence or conversations between the parties that would justify the finding by the jury that the defendant waived the provisions of the bill of lading in respect to the time within which suit to recover damages should be brought, and the plaintiff having failed to bring this action within two years and one day after a reasonable time for delivery had elapsed, the time limited in the bill of lading, the judgment in favor of the plaintiff must be reversed and the complaint dismissed.

DAVIS, J., dissents.

Appeal by the defendant, James C. Davis, as successor, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 4th day of April, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 1st day of May, 1922, denying the defendant's motion for a new trial made upon the minutes.

*Hiscock, Doheny, Williams & Cowie* [*James S. Thorn* of counsel], for the appellant.

*Wiles, Follett & Williams* [*Stanley A. Williams* of counsel], for the respondent.

Clark, J.:

On the 17th day of September, 1919, plaintiff shipped by freight from Lake Placid, N. Y., to himself at Syracuse, N. Y., over the Delaware and Hudson railroad, six boxes containing books, and one trunk containing various articles, which were all the property of plaintiff. The books arrived in Syracuse on the 1st day of October, 1919, over the Delaware, Lackawanna and Western railroad, which was the delivering carrier. The trunk, which had been shipped at Lake Placid at the same time that the boxes were shipped, was never received by plaintiff, and this action was brought to recover the value of the trunk and its contents.

The fact that the boxes shipped by plaintiff from Lake Placid at the same time he shipped the trunk, and all addressed to himself at Syracuse, arrived at their destination on the 1st day of October, 1919, is sufficient in the absence of other evidence to establish the fact that a reasonable time for such shipment to be transported from Lake Placid to Syracuse, was the time between the seventeenth of September, when the goods were shipped, and October first, when part of the consignment was received — thirteen days.

When the goods were shipped a bill of lading was issued to plaintiff, which provided that in case the goods were not delivered a claim must be made in writing to the originating or delivering carrier within six months after a reasonable time for delivery had elapsed, and suit for loss, damage or delay should be instituted within two years and one day after a reasonable time for delivery had elapsed. This limitation was reasonable and justifiable to afford some protection to the carrier against possible fraud. (*Murray* v. *Cunard Steamship Co.*, 235 N. Y. 162.)

This action was not begun until the 22d day of December, 1921, which was nearly two years and three months after the boxes had arrived at their destination  No written claim was made by

plaintiff for this lost trunk, so far as disclosed in the record, until on or about the 23d day of April, 1921, which was something like nineteen months after the arrival of part of the goods at their destination. This claim was then filed with the Delaware and Hudson Railroad Company, and that company at once forwarded the papers to the Director-General of Railroads, who at that time was operating said railroad.

On the 27th day of May, 1921, plaintiff was notified by letter that the United States Railroad Administration had rejected the claim on the ground that it had not been seasonably made. On the 15th of September, 1921, plaintiff was again notified by letter by the United States Railroad Administration that his claim was rejected because it had not been made within six months after a reasonable time for delivery of this shipment, and again on the 21st day of September, 1921, the United States Railroad Administration notified plaintiff by letter that inasmuch as his claim was not made within the time limit provided in the bill of lading, his claim could not be lawfully paid.

The two-year-and-one-day limit within which to bring action for damages for a shipment not delivered would not have expired until October 3, 1921, but plaintiff delayed enforcing his claim by bringing an action until that time limit had expired, for the action was not commenced until December 22, 1921.

Plaintiff seeks to escape responsibility for not observing the limitations pointed out in his bill of lading by asserting that by correspondence and conversations had between himself and representatives of the railroad between October 1, 1919, and the time of the beginning of the action defendant had waived the limitations.

While plaintiff testified that on the 1st day of October, 1919, when he receipted for the boxes of books, he signed a claim for the lost trunk, no such claim was introduced in evidence, and it is plain that all he did was to sign a receipt for the boxes, the receipt containing a statement that the shipment was short the trunk, which was consigned at the same time. That surely was not filing such a claim as was provided for in section 3 of the conditions attached to the bill of lading.

While undoubtedly such a claim could be somewhat informal, it must necessarily be of such a character that the railroad would be furnished sufficient information as to the character of the claim and notice of intention to claim compensation for a suffered loss. (*Bronstein* v. *Payne,* 138 Md. 116; 113 Atl. Rep. 648; *St. Louis, Iron Mt. & So. R. Co.* v. *Starbird,* 243 U. S. 592.)

The letter (Exhibit 3) written by the superintendent of transportation of the Delaware and Hudson Company to plaintiff, dated

April 19, 1921, is relied upon by plaintiff to show that defendant waived the provisions of the bill of lading with reference to making claim and beginning suit. In that letter the superintendent of transportation advised plaintiff that they had traced the shipment, but had been unable to locate it, and suggested that if the shipment had not arrived that plaintiff file a claim through proper channels. Four days after that plaintiff filed his claim.

He was promptly notified that he was too late, but he still had plenty of time in which to have brought his action within the time limited in the bill of lading, but he again slept on his rights and waited until that time had expired.

The court submitted to the jury the question whether or not defendant had waived the provisions of the bill of lading with reference to making claim for undelivered property within six months after a reasonable time for delivery had elapsed, and the disposition of that question by the jury is warranted by the evidence. (*Cheney Piano Action Co.* v. *N. Y. C. & H. R. R. R. Co.*, 166 App. Div. 706; affd., 222 N. Y. 557.)

Plaintiff is presumed to have known the conditions attached to the bill of lading received by him when the shipment was made. He seemingly ignored its important provisions and did not begin suit to recover damages for the undelivered property within the time specified in the bill of lading, and there is nothing in the correspondence or conversations plaintiff had with representatives of the railroad company that would justify a finding that the carrier had waived the provisions of the bill of lading in respect to the time within which suit should be brought to recover such damages.

Under the evidence it is plain that plaintiff's action was commenced too late, and his claim is barred by the express terms of the bill of lading.

The judgment and order should be reversed on the law, and the complaint dismissed, with costs.

All concur, except DAVIS, J., who dissents and votes for affirmance on the ground that what constitutes a reasonable time for delivery is a question of fact and cannot, under the evidence in this case, be determined as a question of law.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.