## JENCKES SPINNING COMPANY vs. N. Y., N. H. & H. R. R. Co.

### JULY 6, 1925.

PRESENT:  Sweetland, C. J.; Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)*  *Carriers.  Failure to Deliver.  Limitation of Claim.*

Plaintiff sued to recover value of a portion of shipment, not delivered. Bill of lading of carrier provided that claim must be made in writing within six months after a reasonable time for delivery had elapsed.

*Held,* that the date on which the unlost portion of shipment was delivered must mark the limit of reasonable time for making delivery.

*(2)  Carriers.  Bills of Lading.  Interstate Shipments.*

In interstate shipments a carrier is not permitted to waive the conditions in bills of lading, and a carrier who had notice of a loss within the time within which claim must be made under the conditions of a bill of lading is not estopped thereby from relying upon the condition.

ASSUMPSIT.  Heard on exception of plaintiff and overruled.

RATHBUN, J.  This is an action in assumpsit to recover the value of two bales of cotton which were shipped from Boston over the defendant's railroad. The point of destination was Darlington, R. I.  One of the bales was included

in a shipment on May 1, 1920, of six bales and the other was a part of a shipment on May 10, 1920, of two bales.  Neither of the bales in question was delivered.  The case was tried by the Presiding Justice of the Superior Court sitting without a jury and the case is before us on the plaintiff's exception to the decision of said justice for the defendant.

(1)  The defence is that the action is barred by the plaintiff's failure to make a claim for the loss within the time specified in the bill of lading which provided that, in the event of failure to make delivery, claim must be made in writing to the originating or delivering carrier within six months after a reasonable time for delivery has elapsed.

The unlost portion of the first shipment was delivered May 20, 1920, and that of the second, May 22, 1920.  The evidence shows that ten days was a reasonable time within which to make a delivery from Boston to Darlington but the dates on which the unlost portions of the shipments were delivered must respectively mark the limit of reasonable time for making delivery.  See *Brewster* v. *Davis*, 202 N. Y. Supp. 574.  The six months' period within which a claim could be filed in compliance with the condition in the bill of lading expired as to one bale November 20 and as to the other November 22, 1920.  The claim in writing was not made until the following January.

It is admitted that the defendant had notice of the loss within the six months' period, and the plaintiff contends that the defendant waived the provision in the bill of lading as to the time within which a claim must be made and is estopped from setting up the plaintiff's failure to comply with said provision.  The bills of lading were for shipments in interstate commerce, a subject which by authority of the Federal constitution has been regulated by Congress.  A copy of the form of the bills of lading has been filed with and has the approval of the Interstate Commerce Commission.  The defendant contends that the condition was a part of the tariff which has the force of a statute and can not be waived.

A Federal question is presented and we are bound to follow the latest decision of the United States Supreme Court on the subject.    It was supposed that the question was settled by *Georgia &c. Ry. Co.* v. *Blish Milling Co.*, 241 U. S. 190, in which Mr. Justice HUGHES, at page 197, said as follows: "But the parties could not waive the terms of the contract under which the shipment was made pursuant to the Federal Act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations.    A different view would antagonize the plain policy of the Act and open the door to the very abuses at which the Act was aimed."    However, *Texas & Pacif. Ry. Co.* v. *Leatherwood*, 250 U. S. 478, raises some doubt as to the attitude of a majority of the court on this question.    At page 481, the opinion contains the following language:    "the parties to a bill of lading cannot waive its terms, nor can the carrier by its conduct give the shipper a right to ignore them."    The opinion which was by Mr. Justice BRANDEIS was concurred in by three justices and three justices dissented.    Two other justices concurred in the result but without mentioning the *Blish* case used the following language:    "I concur in the conclusion that the judgment below must be reversed.    Circumstances disclosed by the record and not discussed in the opinion, I think, require this result.    But the broad declaration that the parties to a bill of lading cannot waive its terms nor can the carrier, by its conduct, give the shipper the right to ignore them goes beyond what is necessary to the decision and I am not prepared to assent to it as a proposition of law."    The facts were as follows:    A shipment of horses was made over four connecting railroads.    The initial carrier issued a through bill of lading which contained a provision barring action for damages unless suit was brought within six months after the loss occurred.    When the horses arrived at the line of the two connecting railroads which

are the defendants the shipper was required to sign and accept a new bill of lading.  Neither of the bills of lading issued by the defendants contained the provision requiring suit to be brought within six months.  The shipper contended that the defendants by requiring the acceptance of a new bill of lading had waived the original and were estopped from relying upon its terms.  The material facts in the *Blish* case are substantially the same as in the case before us.  We are inclined to the opinion that the apparent change of attitude by a majority of the court was due to a difference in the facts involved.

A shipper and carrier are no longer permitted to contract as they please for an interstate shipment.  Many of the terms of their contract are prescribed for them.  The conditions affecting liability are a part of the fixed rate and it is settled "That a carrier cannot be prevented by estoppel or otherwise from taking advantage of the lawful rate properly filed under the Interstate Commerce Act."  See *Texas & Pacif. Ry. Co.* v. *Leatherwood, supra,* and cases cited at page 481.  A carrier has even been permitted to collect the legal rate when the shipper was prejudiced by the carrier's mistake in quoting a lower rate.  In order that there may be no discrimination it is the policy of the law not to permit railroads to waive the conditions in bills of lading for interstate shipments.  See *Metz* v. *Boston & M. R. R.,* 116 N. E. (Mass.) 475 and cases cited.

Our conclusion is that the defendant is not estopped from relying upon the condition requiring claims for loss to be made within six months and that the action is barred by reason of failure to comply with said condition.

The plaintiff's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment on the decision.

*Henshaw & Sweeney, John W. Baker,* for plaintiff.
*Eugene J. Phillips, Forrest Shepherd,* for defendant.