**B. A. WALTERMAN COMPANY, an Ohio corporation, Plaintiff-Appellant,**

v.

**PENNSYLVANIA RAILROAD COMPANY, a Pennsylvania corporation, Defendant-Appellee.**

**No. 14448.**

United States Court of Appeals
Sixth Circuit.

Oct. 27, 1961.

David W. Goldman, Cincinnati, Ohio, (Robert P. Goldman, Paxton & Seasongood, Cincinnati, Ohio, on the brief), for plaintiff-appellant.

John W. Hudson, Cincinnati, Ohio, (Taft, Stettinius & Hollister, Cincinnati, Ohio, on the brief), for defendant-appellee.

Before MILLER, Chief Judge, and McALLISTER and WEICK, Circuit Judges.

PER CURIAM.

The action in the District Court was brought by a consignee against the delivering carrier to recover damages to a shipment of goods. The facts were stipulated. The District Court granted defendant's motion for summary judgment and dismissed the complaint on the sole ground that no written claim had been filed by plaintiff with the carrier within nine months after delivery of the shipment as provided by the bill of lading.

In this Court, it is contended that the carrier had actual notice of the damage, waived the filing of a written claim and was estopped from asserting this defense.

Verbal notice was given by the plaintiff to the delivering carrier that the goods had been damaged in transit within two days after arrival at destination. The carrier's agent made an inspection of the damage within said time and a written report thereof, copies of which were sent to plaintiff and the initial carrier. The damaged goods were then shipped to the consignor for repairs without charge for freight in accordance with Freight Claim Rule 108(b) of the Association of American Railroads, which rule had been approved by the Interstate Commerce Commission. The bill of lading issued for the return of the goods to the shipper recited that the goods were "Damaged in transit. Returned free for repairs." The written claim was not filed by plaintiff with the carrier until about fifteen (15) months after delivery.

The bill of lading provided that claim must be filed in writing with the carrier within nine months after the delivery of the goods as a condition precedent to recovery. Compliance with this provision is mandatory under federal law which governs this case. Delphi Frosted Foods Corp. v. Illinois Central R. Co., 6 Cir., 188 F.2d 343. A verbal claim is not sufficient. Starbird, etc. v. St. Louis, etc., Railway Co., 243 U.S. 592, 593, 37 S.Ct. 462, 61 L.Ed. 917; Southern Pacific Co. v. Stewart, 248 U.S. 446, 39 S.Ct. 139, 63 L.Ed. 350. Actual notice received by the carrier of the damaged condition of the goods does not excuse the filing of the written claim. Gooch v. Oregon Short Line Railroad Co., 258 U.S. 22, 42 S.Ct. 192, 66 L.Ed. 443.

The carrier may not waive or be estopped to assert the requirements of the bill of lading as this would permit discrimination which is prohibited by law. Georgia, etc., Railway Co. v. Blish Milling Co., 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948; Chesapeake & Ohio Ry. Co. v. Martin, 283 U.S. 209, 51 S.Ct. 453,

75 L.Ed. 983. Cf. Midstate Horticultural Co. v. Pennsylvania Railroad Co., 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96.

While these rules may seem harsh as applied to the present case, we have no alternative but to follow them.

The judgment of the District Court is affirmed.