LUCAS MACHINE DIVISION, NEW BRITAIN MACHINE COMPANY, Plaintiff,

v.

The NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

No. C 62-243.

United States District Court
N. D. Ohio, E. D.

Jan. 23, 1964.

Theo. M. Mann, Cleveland, Ohio, for plaintiff.

Paul C. Hopkins, Thomas R. Skulina, Cleveland, Ohio, for defendant.

PAUL JONES, District Judge.

On March 1, 1960, plaintiff shipped a horizontal boring machine by means of the defendant's railroad. The machine arrived at its destination in a damaged condition. The consignee, Aura, Inc., refused to accept the machine, and it was returned to plaintiff's plant in Cleveland. On April 14, 1960, several freight claim agents of the defendant came to plaintiff's plant to examine and photograph the damaged machine. The defendant's agents instructed the plaintiffs to repair the machine and to inform the defendant of the cost of the repairs. One of plaintiff's employees made out a typed supplemental invoice describing the work to be performed in repairing the machine. A copy of this invoice, Plaintiff's Exhibit 1–a, was given to one of the defendant's agents who was inspecting the machine. No other writing or written claim was presented to the defendant. The defendant has filed a motion for summary judgment on the basis that no written claim was filed with the defendant by the plaintiff. The plaintiff denies the necessity for filing a claim in writing by reason of the acts and statements of defendant's authorized agents.

This question arises under the Carmack amendment to the Interstate Commerce Act, 49 U.S.C. § 20, par. (11), and the bill of lading drawn by the defendant railroad in accordance with Section 20, par. (11). This Section requires a common carrier or railroad receiving property for interstate transportation to issue a receipt or bill of lading therefor, and the Section further provides that the common carrier or railroad shall be liable to the lawful holder of a receipt or bill of lading for any loss, damage or injury to such property caused by the common carrier or railroad. The Section makes it unlawful for any such carrier to provide by rule, contract, regulation, or otherwise, a shorter period for the filing of claims than nine months.

The bill of lading here in question provided that as a condition precedent to recovery, claims must be filed in writing within nine months after delivery of the property. A review of the federal decisions clearly shows that a written notice, however informal, must be filed with the defendant railroad. The railroad is not estopped or does not waive this requirement in the following circumstances: Where the railroad actively negotiated with the plaintiff for a settlement of the claim; where an oral claim was made for damages; where the railroad had conducted an investigation, and where the railroad had actual knowledge that damage had occurred. Starbird v. St. Louis, I. Mt. & So. Ry. Co., 243 U.S. 592, 37 S.Ct. 462, 61 L.Ed. 917 (1917), Southern Pacific Company v. Stewart, 248 U.S. 446, 39 S.Ct. 139, 63 L.Ed. 350 (1919), Northern Pacific Railway Co. v. Mackie, et al., 195 F.2d 641 (9th Cir., 1952), B. A. Walterman Company v. Pennsylvania Railroad Company, 295 F.2d 627 (6th Cir., 1961). It has also been held that the shipper may not invoke the doctrine of estoppel against the right of the railroad to collect the legal rate. Pittsburgh, C., C. & St. L. Rwy. Co. v. Fink, 250 U.S. 577, 40 S.Ct. 27,

63 L.Ed. 1151 (1919), Louisville & N. R. Co. v. Central Iron & Coal Company, 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900 (1924). In Chesapeake & Ohio Railway Company v. Martin, 283 U.S. 209, 51 S. Ct. 453, 75 L.Ed. 983 (1931), the court left open the question whether under any circumstances the shipper may rely upon the doctrine of estoppel in avoidance of the time limitation clause of the bill of lading.

If estoppel were recognized by the courts, conceivably the present facts would operate to estop the Railroad. It is to be noted, however, that in a letter dated July 16, 1960, two days after the defendant's investigation, plaintiff's sales manager had this to say on why a written claim had not been presented to the Railroad:

"As a matter of fact, if we had requested claim charges from the New York Central Railroad, they would have told us in no short order that it was not up to us to make the request, inasmuch as the item was shipped F.O.B. Cleveland. Had this shipment been made F.O.B. Tucson, Arizona, then the responsibility would have been in our lap." (Exhibit to Plaintiff's Answers to Defendant's Request for Admissions.)

In Walterman Company v. Pennsylvania Railroad Company, supra, the Sixth Circuit Court held in a per curiam decision that the "carrier may not waive or be estopped to assert the requirements of the bill of lading as this would permit discrimination which is prohibited by law." In Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165 (1942), the court said: "The federal courts have been consistent in holding that local rules of estoppel will not be permitted to thwart the purposes of statutes of the United States."

The requirement of filing a written claim is an easy one, and one of which the plaintiff was well aware. The filing of the claim not only enables the railroad to conduct a full and complete investigation, it also is the orderly and uniform way to inform the railroad that one has a claim against the railroad and that compensation is expected. A written claim further prevents discrimination and misunderstanding which can result from oral arrangements. Plaintiff's supplemental invoice, Exhibit 1–a, is not a claim sufficient to apprise the railroad that plaintiff is presenting a claim for damages and that plaintiff expects recompense. The railroad's transactions are multitudinous and to prevent discrimination, the Act requires the shipper be given a bill of lading, and the Act further requires that the shipper give written notice of a claim to the railroad as required by the bill of lading. These are substantial statutory requirements.

While the result in this instance is harsh on the plaintiff, I am constrained to follow our two Circuit Court decisions, Delphi Frosted Food Corp. v. Illinois Central Railroad Co., 188 F.2d 343 (1951) and Walterman Company v. Pennsylvania Railroad Company, supra. Therefore, defendant's motion for summary judgment is granted.