ABRAHAM SHULMAN v. SUPERIOR TRUCKING COMPANY, INC.

CIRCUIT COURT

SIXTH CIRCUIT
FILE NO. CV 6-623-5795

Memorandum filed July 6, 1966

*Marshall A. Deutsch,* of New Haven, for the plaintiff.

*David M. Reilly, Jr.,* of New Haven, for the defendant.

JACOBS, J. The substituted complaint in this action alleges that on or about April, 1960, the plaintiff shipped a "Bullard Turret Lathe" by means of the defendant trucking company, a common carrier for hire, from the state of Georgia to the city of Hamden, in the state of Connecticut. The machine arrived at its destination on or about April 16, 1960, in a damaged condition. No notice in writing was given the defendant; instead, "the plaintiff advised" defendant's agent that the lathe was damaged; and defendant's agent "advised [the] plaintiff to contact the defendant by telephone at its home office." Subsequently, negotiations were begun between the L. E. Bronson Adjusting Agency and the plaintiff

which culminated in a settlement figure of $1506 for the loss which the plaintiff suffered; and finally, it is alleged, "[t]he defendant and [its] insurance carrier have refused to honor the . . . settlement."

The demurrer addressed to the substituted complaint is based upon § 2(b) of the "Combined Straight Bill of Lading," which requires that claims must be filed in writing with the receiving or delivering carrier, as a condition precedent to recovery, within nine months after the delivery of the property; and "[w]here claims are not filed . . . in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid." The plaintiff's argument is that his substituted complaint falls "outside of the bill of lading and Sec. 2(b)" and that, therefore, "no notice or written claim is necessary."

The principal question raised on demurrer is whether there has been either a waiver or an estoppel of the requirement of the notice as specified in the bill of lading.

Whether the plaintiff complied with the requirements of § 2(b) of the bill of lading for this interstate shipment presents a question of federal law. See *Chesapeake & O. Ry. Co.* v. *Martin,* 283 U.S. 209, 213. "The determination by this court [Supreme Court of the United States] of that question is binding upon the state courts and must be followed, any state law, decision, or rule to the contrary notwithstanding." Id., 221; see 15 C.J.S., Commerce, § 92(a). "There is no question of the validity of such a provision requiring timely written notice to the carrier, as a condition precedent to the prosecution of a claim for damages to freight." *Thayer* v. *Pacific Elec. Ry. Co.,* 55 Cal. 2d 430, 434, cert. denied, 368 U.S. 826.

The question arises under the Carmack amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11), which specifically requires the carrier to issue a bill of lading for property received for transportation in interstate commerce; and it is also provided in the act that the common carrier shall be liable to the lawful holder of such bill of lading for any loss, damage or injury to such property caused by the common carrier. The act forbids the carrier from contracting for the filing of claims within a shorter period than nine months. ". . . Sec. 2(b) has historically been incorporated in the uniform bill of lading as a safeguard against tariff abuses and discriminations. The requirement in 2(b) that the notice of claim shall be 'in writing' has come to be an integral part of the uniform published tariffs and regulations which the carrier may not waive or be estopped to assert." *Loveless* v. *Universal Carloading & Distributing Co.*, 225 F.2d 637, 639; see *B. A. Walterman Co.* v. *Pennsylvania R. Co.*, 295 F.2d 627, 628. Nor may the doctrines of waiver or estoppel be applied against the defendant carrier to obviate the requirement of written notice. See *Southern Pac. Co.* v. *Stewart,* 248 U.S. 446, 449. "The effect of this amendment and subsequent federal legislation is to exclude, supersede, and render inapplicable all state laws and policies as to the liability of a common carrier for loss of, or damage or injury to, an interstate shipment, and as to contracts of the carrier limiting, prescribing the time for, or imposing conditions precedent to, the enforcement of, or otherwise relating to, such liability." 15 C.J.S. 437, Commerce, § 92(b).

The bill of lading here in question provided that, as a condition precedent to recovery, claims must be filed in writing within nine months after delivery of the property. "A review of the federal decisions clearly shows that a written notice, however infor-

mal, must be filed with the . . . [carrier]. The . . . [carrier] is not estopped or does not waive this requirement in the following circumstances: Where the . . . [carrier] actively negotiated with the plaintiff for a settlement of the claim; where an oral claim was made for damages; where the . . . [carrier] had conducted an investigation, and where the . . . [carrier] had actual knowledge that damage had occurred." *Lucas Machine Division* v. *New York Cent. R. Co.*, 236 F. Sup. 281, 282, citing many federal cases.

"While these rules may seem harsh as applied to the present case, we have no alternative but to follow them." *B. A. Walterman Co.* v. *Pennsylvania R. Co.*, supra, 629. "A clearly defined and long recognized principle, a standing bulwark against claimant discrimination, should not be vitiated by the single stroke of a judicial pen merely because certain harshness of fact inheres in a lone case." *Loveless* v. *Universal Carloading & Distributing Co.*, supra, 642 (dissenting opinion of Wallace, J.).

The court, in sustaining the demurrer, is constrained to follow federal law. See *Delphi Frosted Foods Corporation* v. *Illinois Cent. R. Co.*, 188 F.2d 343; *B. A. Walterman Co.* v. *Pennsylvania R. Co.*, 295 F.2d 627; *Lucas Machine Division* v. *New York Cent. R. Co.*, 236 F. Sup. 281.

For the reasons set forth herein, the demurrer is sustained.