Charlie A. HOLFORD, d/b/a Holdford
Brick & Tile Company, Plaintiff,

v.

LOUISVILLE & NASHVILLE RAIL-
ROAD COMPANY, Defendant.

Civ. No. 66–310.

United States District Court
W. D. Tennessee, W. D.

March 23, 1967.

Heiskell, Donelson, Adams, Williams &
Wall, Memphis, Tenn., for plaintiff.

Clifton & Mack, Memphis, Tenn., for
defendant.

OPINION

ROBERT M. McRAE, Jr., District
Judge.

Plaintiff, Charlie A. Holford, brings
this action as a shipper of used brick for
damages for which the defendant, Louis-
ville & Nashville Railroad Company, as
carrier, is responsible. The shipments
in question were made pursuant to a uni-
form bill of lading and the suit is brought
pursuant to 49 U.S.C. § 20(11).

The matter is before the Court on a
Motion to Dismiss which was accom-
panied by a Stipulation of Facts with
exhibits attached. The sole issue raised
by the motion concerns the limitation of
the action by virtue of the suit not hav-
ing been filed within two years and one
day from the written denial of the claim
by the defendant.

The defendant, in response to a writ-
ten claim filed by the plaintiff, by letter
of August 18, 1964, unequivocally denied
the claim. Subsequent thereto, the plain-
tiff, by letter, protested the disallowance.
This resulted in a letter from the de-
fendant dated September 14, 1964, which
provides in part as follows:

"I now find that there will be some
additional investigation needed and re-
quest that you hold the matter in abey-
ance pending completion. I will con-
tact you after the additional informa-
tion is secured."

After further investigation and ex-
change of communications, the defendant
carrier wrote a letter dated November
5, 1964, signed by the Claim Agent,
which undertook to explain the position
of the defendant with regard to the
claim. The letter concluded with the
following: "It necessarily follows that
we must adhere to our initial disallow-

ance of your claims." On October 13, 1966, this suit was filed.

The plaintiff contends that the Motion to Dismiss should not be granted because the letter of September 14, 1964, of the defendant amounted to a revocation of the letter of August 18, 1964, in which the claim was initially disallowed. It is the opinion of this Court that the numerous authorities that have considered the time requirements under the Uniform Bill of Lading have strictly construed the applicability and have held that waiver and estoppel cannot toll the time requirements. Midstate Horticultural Co., Inc. v. Pennsylvania Railroad Company, 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96 (1943) held that an express agreement not to rely on the statute of limitations was invalid and, therefore, was not binding on the carrier.

The Mississippi Supreme Court considered this question in L. M. Kirkpatrick Co. v. Illinois Central Railroad Co., 190 Miss. 157, 195 So. 692, 135 A.L.R. 607. In that case the Court held that the negotiations for settlement after a disallowance did not constitute a revocation of the disallowance because a carrier cannot by conversations, letters and negotiations extend the time for filing suit beyond that set forth in a bill of lading. This Court agrees with the principle set forth in B. A. Walterman Company v. Pennsylvania Railroad Company, 295 F. 2d 627 (C.A.6, 1961), as follows:

> "The carrier may not waive or be estopped to assert the requirements of the bill of lading as this would permit discrimination which is prohibited by law. * * *
>
> While these rules may seem harsh as applied to the present case, we have no alternative but to follow them."

The Motion to Dismiss having been supplemented by a stipulation between the parties may be treated as a Motion for Summary Judgment and judgment will be granted the defendant.