Leonard H. Sandler, J.
Plaintiff, a Swiss corporation, sues the defendant carrier for $1,014, the value of two drums of animal food destroyed while the shipment was in the care' and custody of the defendant. While not disputing responsibility for the loss, the defendant argues that the action must fail because no written notice of claim pursuant to section 2(b) of the uniform bill of lading was filed with it during a period of nine months after the loss.
After trial without jury and after a detailed study of the controlling authorities, I conclude that the defense must be sustained and judgment entered for the defendant.
The critical issue here is the interpretation of a letter by plaintiff’s agent to the defendant dated July 16, 1968, indisputably within the nine months’ period.
The letter clearly specified the shipment in question, pointed out that two drums covered by the documents were not delivered to the export pier, and reported information that the drums had been damaged and 11 have been either destroyed or still held by you.”
The following language then appears: “ In order that we may proceed with our claim with the insurance company we shall require from you a letter stating that the 2 drums (drums numbered 14 and 72) were destroyed.”
Shortly thereafter, the defendant responded with a form postcard acknowledging receipt of the letter describing its subject as “ claim,” and reporting that the letter had been forwarded to the defendant’s insurance department.
By letter dated July 25, 1968, the carrier’s insurance department informed plaintiff’s agent that the two drums had been destroyed ‘ ‘ due to the nature of the damage and the extent of same,” and advised plaintiff’s agent to adjust their records accordingly.
No further communication between the parties during the nine months’ period, either written or oral, is disclosed by the testimony.
*852 While there are real differences in approach and result among the numerous cases considering defenses based on section 2(b) of the uniform bill of lading, some fundamental principles of dispositive importance have gained general acceptance. One, of course, is that the communication relied upon as a claim must be, at least partially, in writing. (See Chesapeake & Ohio Ry. v. Martin, 283 U. S. 209; Kvasnikoff v. Weaver Bros., 405 P. 2d 781 [Alaska, 1965].) A .second basic principle is that the writing must, in some form, convey the information that a demand for damages is being made or will be made. (Brewster v. Davis, 207 App. Div. 461; Insurance Co. of North America v. Newtowne Mfg. Co., 187 F. 2d 675; Minot Beverage Co. v. Minneapolis & St. Louis Ry. Co., 65 F. Supp. 293.) Exactly what language will be deemed sufficient to communicate such a demand has been the ¡subject of .sharply conflicting decisions. (Cf., e.g., Loveless v. Universal Carloading & Distr. Co., 225 F. 2d 637 and Delaware, Lackawanna & Western R. R. Co. v. United States, 123 F. Supp. 579, with B. A. Walterman Co. v. Pennsylvania R. R. Co., 295 F. 2d 627 and Lucas Mach. Div. v. New York Cent. R. R. Co., 236 F. Supp. 281.)
I would be very much inclined to follow these decisions that found a sufficient written claim where the liability of the carrier under the controlling law is clear, and where information alerting the carrier to the fact of the, loss and' the likelihood of its liability was conveyed in written form to the carrier in timely fashion. (See, e.g., Georgia, Fla. & Ala. Ry. v. Blish Co. 241 U. S. 190; Kvasnikoff v. Weaver Bros., supra; Loveless v. Universal Carloading & Distr. Co., supra; Delaware, Lackawanna & Western R. R. Co. v. United States, supra; Minot Beverage Co. v. Minneapolis & St. Louis Ry. Co., supra; Bond Stores v. Overland Package Frgt. Serv., 171 Misc. 135.)
Unfortunately, the letter here relied on, far from advising the carrier of an intent to claim damage, more naturally suggests an intent to proceed against the plaintiff’s insurance company. I am aware of no judicial authority that supports the idea that a claim against a carrier may be inferred from a request for information to use in proceeding against another.
I have considered carefully the contention that the defendant, by describing the letter as relating to a claim in its form postcard of acknowledgement, repaired the defects in the language of plaintiff’s letter. Two possible theories are discernible. One is that the postcard showed that the practical construction of the carrier was to consider the letter as a claim. This theory is untenable in light of the testimony that the designation of ‘‘ claim ’ ’ in the postcard was clerical in character, that it did *853 not reflect a considered judgment that the letter was a “ claim ”, and that the following letter by the carrier’s insurance department was not the kind of response it would have made had plaintiff’s letter been understood as a “ claim.”
The second possible theory is that the use of the word ‘ ‘ claim ’ ’ in the postcard created an estoppel. Apart from the body of case law which denies the applicability of estoppel to excuse the failure to file a written claim on time, no evidence of reliance was presented and none can be fairly inferred.
The result I am constrained to reach does not seem to me a happy one. On the facts presented, the liability of the carrier under subdivision (11) of section 20 of title 49 of the United States Code is clear. It seems obvious that the carrier was aware of facts strongly pointing to its liability, at least from the time of the letter above described and quite likely even earlier.
Nevertheless, the controlling authorities require this court to dismiss plaintiff’s cause of action and find for the defendant.