Martin Evans, J.
Plaintiff sues for breach of contract of carriage and for negligence arising from defendant’s failure *685 to deliver certain, merchandise as per written contract of carriage which occurred in or about August, 1964.
Defendant moves for summary judgment on the grounds that plaintiff neither served notice of claim on, nor instituted suit against the defendant herein in accordance with the contractual and statutory conditions.
A preliminary question before this court is the existence of a requirement that a notice of claim be served on the carrier within nine months of loss. The defendant cites subdivision (11) of section 20 of title 49 of the United States Code which provides in part: ‘ ‘ That it shall be unlawful * * * to provide by rule, contract, regulation, or otherwise, a shorter period for the filing of claims than nine months, and for the institution of suits than two years
This provision is applicable to common carriers by motor vehicles (U. S. Code, tit. 49, § 319), but the court finds this provision to be permissive and not mandatory: the statute states that a period less than nine months would be unlawful, but leaves to rule, contract or regulation for a period greater than nine months. While subdivision (11) of section 20 restricts the freedom of a carrier, it in no way prescribes it.
The defendant cites section 2 (b) of the uniform bill of lading which provides in part: “As a condition precedent to recover, claims must be filed in writing with the * * * carrier * * * within nine months * * * Where claims are not filed * * * no carrier hereunder shall be liable.”
There was no evidence that a bill of lading containing this contractual provision was actually issued covering this shipment although issuance is required by statute (U. S. Code, tit. 49, § 20, subd. [11]).
Neither party contended, on the original papers, that a nine-month notice requirement did not exist, and the court therefore requested further proof as to the basis upon which the defendant claimed a nine-month period. The responding papers were inconclusive on this point.
As tariffs are required to be filed with the Interstate Commerce Commission (U. S. Code, tit. 49, § 317), the court made a second request that it be furnished with the pertinent contents thereof. Such further evidence was forthcoming. The defendant submitted extracts from the National Motor Freight Traffic Association, Classification Tariff A-7, MF-ICC 5, to which defendant was a party, which employs in section 2 (b) of its uniform straight bill of lading the requirement of a nine-month written notice of claim as set forth above. Plaintiff, in response thereto, stated that the bill of lading annexed to defendant’s *686 final papers was not employed in the carriage of the instant shipment, and defendant does not claim that this bill of lading was actually issued.
If no bill of lading is issued for interstate shipment, the terms of the uniform bill of lading control. (American Ry. Express v. American Trust Co., 47 F. 2d 16; Webb & Sons v. Central & Ry. Co. of N. J., 28 F. 2d 392, affd. 36 F. 2d 702.) The regulations governing the relation of the shipper and the carrier in the absence of an issued bill of lading, are to be found in the schedules published and filed with the I. C. C. (Lazarus v. New York Cent. R. R., 271 F. 93 revd. on other grounds 278 F. 900.) The rules, regulations and rates filed by carriers with the I. C. C. form part of all contracts of shipments and are binding on all parties concerned, whether the shipper has notice of them or not, for they have the force and effect -of law. (Atlantic Coast Line R. R. Co. v. Clinchfield Fuel Co., 94 F. Supp. 992; Eastern Motor Express v. A. Maschmeijer, Jr., Inc., 247 F. 2d 826; Loveless Mfg. Co. v. Roadway Express, 104 F. Supp. 809; Kellett v. Alaga Coach Lines, 34 Ala. App. 152; Thomas Foods v. Pennsylvania R. R. Co., 122 Ohio App. 76.) Both parties are bound by the terms of the filed tariffs on the further ground that any waiver of such terms would create special agreements or discrimination by the carrier among shippers. This is prohibited by statute. (U. S. Code, tit. 49, § 3, subd. [1]; § 316, suibd. [d]; Kansas City Southern Ry. Co. v. Albers Comm. Co., 223 U. S. 573, 597; Ephraim v. Safeway Trails, 341 F. 2d 815, 819; Rosch v. United Air Lines, 146 F. Supp. 266; B. A. Walterman Co. v. Pennsylvania Ry. Co., 295 F. 2d 627, 628.) Neither party can ignore the terms of a filed tariff. (Georgia, Florida & Alabama Ry. Co. v. Blish Co., 241 U. S. 190.)
Plaintiff alludes to the holding in Beammont v. Pennsylvania By. Go. (127 N. Y. S. 2d 216) for the proposition that the terms and conditions of a particular tariff are not necessarily valid merely because they are set forth in said tariff. In the Beaumont case the specific term in the tariff was in violation of statute, while in this action the subject term is in conformity with statute, and the court therefore finds no merit in plaintiff’s contention.
This court holds as part of the contract of carriage herein, as a condition precedent to recovery, that claims must be filed in writing within nine months, and an action thereon must be instituted within two years.
Plaintiff refers this court to a letter dated October 1, 1964 as satisfying the nine-month requirement. The letter was sent *687 by plaintiff to the supposed delivering carrier upon information supplied by defendant, the receiving carrier. The letter to the delivering carrier was identical in substance to a letter sent, on September 9, 1964, to the defendant. This first letter is not in the possession of the defendant at this time, nor does the plaintiff have a copy. The letter relied on by plaintiff, as well as the reply of defendant to the missing letter of September 9, 1964, both reveal an intention by plaintiff to seek restitution and reimbursement from plaintiff’s insurance company and not from either of the carriers involved. Contrary to plaintiff’s contention, it appears that the defendant was notified that a claim would be made upon another. It is apparent from the documentary evidence that defendant was made aware that plaintiff was tracing the shipment from which it might be inferred that it was lost or destroyed, the nature of the shipment involved, the approximate date of the shipment, and its points of origin and destination. The court does not find any evidence of notice to defendant that plaintiff expected restitution or reimbursement.
It would appear that in order to constitute a claim, the carrier should be advised that a loss occurred, the nature of the loss, the nature of the shipment involved, the approximate date of shipment, its points of origin and destination, and that the parties to the shipment expect restitution or reimbursement. (Bond Stores v. Overland Package Frgt. Serv., 171 Misc. 135, 137.)
Some indication that a demand is or will be made upon the carrier is required in order to satisfy the notice of claim provision. (Brewster v. Davis, 207 App. Div. 461; Minot Beverage Co. v. Minneapolis & St. Louis Ry. Co., 65 F. Supp. 293; Insurance Co. of North Amer. v. Newtowne Mfg. Co., 187 F. 2d 675.) A “ tracer ” letter is insufficient. (Dawlen Corp. v. New York Cent. R. R. Co., 328 Mich. 360.)
Plaintiff contends that there was “sufficient compliance” with the notice requirement so as to allow defendant to make an investigation of the claim and take such action as it saw fit to protect its rights, and cites numerous cases which find compliance with the notice requirements under this test. Mo case cited, however involved a letter requesting assistance in filing a claim with a noncarrier. (See Interchemie, Ltd. v. Eastern Express, 62 Misc 2d 850.) As stated in Insurance Co. of North Amer. v. Newtowne Mfg. Co., (supra, p. 681): “ substantial compliance with the requirement of a claim * * * at the minimum, we think, must be a written document, however *688 informal in expression, indicating an intention on the shipper’s part to claim reimbursement from the carrier for a loss asserted to have occurred in the past ”.
The court does not find sufficient compliance with the requirements of a notice of claim in the letters relied on by plaintiff in the original papers.
In response to defendant’s second submission of further papers referred to above, plaintiff submitted letters sent to the delivering carrier on September 7, 1965 and the defendant on December 22, 1965. These letters plaintiff admits were sent eleven months after nondelivery was recognized by the supposed delivering carrier. The court notes that these letters were sent over one year after plaintiff received a reply from the defendant, and over 13 months after shipment of the subject merchandise. Plaintiff contends that the nine-month period starts to run in the case of a failure to make delivery, after a reasonable time for delivery has elapsed, citing section 2(b) of the filed bill of lading. On the evidence presented by plaintiff, its own letters to defendant, it is clear that plaintiff computed the reasonable time for delivery to have been made sometime before September 9, 1964. By that date plaintiff was already proceeding with a claim against its insurance company due to the alleged loss. The letters from the respective carriers in no way dispute the plaintiff’s then position that a reasonable time for delivery had elapsed.
The court therefore finds the nine-month period had elapsed at the time the supposed delivering carrier received any notice of claim.
Not having performed a condition precedent to recovery as set forth in the contract of carriage, the plaintiff may not maintain this action. Motion for summary judgment in favor of the defendant and against the plaintiff is granted, and the Clerk is directed to enter judgment accordingly.