**B. F. GOODRICH TIRE COMPANY,**
**Plaintiff,**

v.

**LOUISVILLE & NASHVILLE RAILROAD COMPANY, Defendant.**

No. 77 Civ. 1703.

United States District Court,
S. D. New York.

July 18, 1977.

Lilly, Sullivan & Purcell, New York City, for Prudential Lines; George W. Sullivan, New York City, of counsel.

Bleakley, Platt, Schmidt & Fritz, New York City, for third-party Norfolk, and Louisville & Nashville; Hyman Hillenbrand, New York City, of counsel.

Graham & Simon, P. C., New York City, for B. F. Goodrich; Jeffrey Lee Neandross, New York City, of counsel.

## MEMORANDUM AND ORDER

HAIGHT, District Judge:

■ This summary judgment motion by defendant, brought pursuant to Rule 56, Fed.R.Civ.Proc., presents a single issue for determination by this Court: Whether defendant's letter of December 12, 1974 was an unequivocal disallowance of plaintiff's claim such as to commence the two year and one day period within which to institute suit as provided in Section 2(b) of the standard Bill of Lading Contract of Carriage, used herein. For reasons discussed *infra*, I find that the December 12, 1974 letter denying plaintiff's claim was unequivocal in nature, that the instant suit is therefore time-barred, and that defendant's motion for summary judgment must be granted.

The plaintiff seeks recovery for the alleged loss in transit of 45 bales of crude rubber transported on defendant's railroad on February 15 and February 19, 1974. Pursuant to Section 2(b) of the Bill of Lading Contract of Carriage, plaintiff filed a notice of claim with defendant on October 17, 1974; an additional notice of claim was filed by plaintiff's counsel on November 19, 1974. On December 12, 1974, defendant

wrote to plaintiff, stating in the last paragraph:

"Under these circumstances we deeply regret we are unable to give these claims favorable consideration, and it necessarily follows that the L&N Railroad Company, acting in its own behalf and as agent for any other carriers involved in these shipments, hereby declines your claims."

It is this language which defendant urges triggered the time limitations for the commencement of suit contained in Section 2(b):

"[S]uits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable and such claims will not be paid."

The suit at bar was commenced in the Civil Court, City of New York by service of a summons and indorsed complaint on March 9, 1977. Defendant removed the action to this Court, and an answer was filed on April 25, 1977. If, as defendant urges, the letter of December 12, 1974 is an unequivocal denial of claim such as to begin the two year and one day statute of limitations set forth in Section 2(b), the commencement of the instant action on March 9, 1977 is clearly untimely.

■ Plaintiff contends, however, that subsequent events negated the otherwise unequivocal language used in the December 12, 1977 letter, and that the parties continued to negotiate long after December 12, 1974 in an attempt to resolve their dispute. In support of its position, plaintiff offers divers correspondence between the parties dealing with various aspects and factual data relative to plaintiff's claim, which plaintiff urges evidence an abandonment of defendant's earlier denial of liability. I have read the documents submitted by plaintiff, and find these letters and the negotiations had between the parties in no way diluted the denial of claim posture of

defendant as reflected in its December 12, 1977 letter. As a matter of fact, in a letter dated April 18, 1976, plaintiff's counsel acknowledges the significance of the December 12, 1977 denial of claim:

"Dear Sirs:

We refer to the captioned claim which has been pending for an extended period of time, and particularly to *your last letter of December 12, 1974 declining liability.*

.    .    .    .    .

Accordingly, *we hereby request that you reconsider your rejection of this claim,* and we await your further advices with respect to settlement in order to avoid litigation." (emphasis supplied).

Clearly the import of plaintiff's counsel's April 18, 1976 letter—written some 17 months after defendant's denial of claim letter of December 12, 1974—is an attempt to re-open the channels of communication between the parties to avoid the necessity of litigation. At no time, however, did defendant abandon or modify its position that plaintiff's claim had been, in fact, denied. To hold, as plaintiff seeks here, that discussions, between a carrier and a claimant, held after a formal denial of a claim, with an eye toward possible settlement before the institution of litigation, negate the effects of the denial of claim would be to hamper any kind of settlement dialogue once a formal denial claim was proffered. The purpose for a formal denial of claim is to start the statute of limitations machinery contained in Section 2(b), rather than the discouragement of meaningful negotiations between parties.

I have found nothing in the relations between the parties after December 12, 1974 which bespeaks of a waiver or abandonment by defendant of its denial of liability on December 12, 1974. Accordingly, I find that when commenced on March 9, 1977, plaintiff's suit was time-barred.

I have derived much guidance from the opinion of Judge Owen in *Pratt & Whitney, Division of United Aircraft Corp. v. Burlington Northern, Inc.* 74 Civ. 1849, aff'd without opinion, 556 F.2d 558 (2d Cir. March 8, 1977), 76–7469, a case whose facts and determinative issue were analogous to that at bar. Judge Owen stated therein:

"Defendant's motion for summary judgment is granted and the action is dismissed as time-barred. I deem the letter of Penn Central Company of January 20, 1970 to be an unequivocal disallowance of the claim, starting the running of the statute of limitations under the uniform bill of lading. Such negotiations as occurred thereafter are, as a matter of law irrelevant under authorities I deem persuasive and binding upon me, *B. A. Walterman Co. v. Pennsylvania Railroad Company,* 295 F.2d 627 (6th Cir. 1961); *Burns v. Chicago M. St. P&P. R.R. Co.,* 192 F.2d 472 (8th Cir. 1951); and *Brewster v. Davis,* 207 App.Div. 461, [202 N.Y.S. 574] (4th Dept. 1924). I decline to follow *John Morrell & Co. v. Chicago Rock Island & Pacific Railroad Company,* 495 F.2d 331 (7th Cir. 1974) for the reasons set forth in the dissent therein".

Based on the foregoing, defendant's motion for summary judgment is hereby granted.

It is So Ordered.