**CAPON TEXTILE TRADING CO., Plaintiff,**

v.

**CONSOLIDATED RAIL CORP., and Western Pacific Railroad Co., Defendants.**

**No. 81 Civ. 933(MEL).**

United States District Court, S. D. New York.

May 13, 1982.

**1084**

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, for plaintiff; George W. Clarke, New York City, of counsel.

Michael J. Siris, New York City, for defendants.

LASKER, District Judge.

This is an action to recover for cargo lost in 1976 while being shipped from Hong Kong to Rotterdam. The cargo was shipped by Sealand Service, Inc. ("Sealand") from Hong Kong to Oakland, California, and by defendants Western Pacific Railroad Co. and Consolidated Rail Corp. ("the Railroads") from Oakland to New Jersey. From there it was shipped by sea to Rotterdam. The Railroads discharged the cargo on November 15, 1976. Plaintiff filed a claim for the shortage on August 23, 1977.

The Railroads move for summary judgment pursuant to Fed.R.Civ.Pr. 56 on the grounds that the action is time-barred. The plaintiff counter-moves to strike the Railroads' timeliness defense (the ninth affirmative defense) pursuant to Fed.R.Civ.Pr. 12(f).

The Railroads contend that under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707(e),[1] the claim is time-barred unless notice of the claim was filed with the railroad within nine months of the date of discharge, and that the plaintiff's claim was not filed until nine months and eight days after the discharge.

Plaintiff contends that the Railroads have waived the defense of timeliness and also are estopped from asserting it. The argument runs as follows: When plaintiff filed its 1977 claim, the Railroads did not object—as they now do—that the filing was untimely. To the contrary, they continued actively to investigate the claim. This led plaintiff to believe that the Railroads had waived the issue of timeliness. In reliance on this belief they refrained from suing Sealand—the company which retained the Railroads—even though plaintiff could have instituted suit against Sealand on this claim for some time after the nine month period for filing its claim with the Railroads had expired. Since the Railroads do not assert that plaintiff can still sue Sealand, we must assume that the statute of limitations would bar such a suit.

The Railroads respond that the nine month limitation cannot be waived, and that, even if the rule is subject to waiver or estoppel, they did nothing to induce plaintiff to refrain from making a timely filing.

The Circuit Courts appear to be divided on the question whether the nine month limitation may be waived. In *B. A. Walterman Co. v. Pennsylvania Railroad Co.*, 295 F.2d 627 (6th Cir. 1961) the Sixth Circuit

---

1. The Carmack Amendment is applicable to this action pursuant to the Uniform Domestic Straight Bill of Lading, Section 2(b), as incorpo-

rated into Uniform Freight Classification # 13, effective July 11, 1978.

considered a case in which it was contended that the carrier had oral notice of the claim within nine months and had waived the filing of a written claim within that period. The Court held that the carrier could not waive or be estopped from asserting the limitations period "as this would permit discrimination [among shipper-customers] which is prohibited by law." *Id.* at 628. The Third Circuit reached the opposite conclusion in *Perini-North River Associates v. Chesapeake & Ohio Railway Co.*, 562 F.2d 269 (3d Cir. 1977). While conceding that the primary purpose of the Carmack Amendment was to prevent discrimination among shippers by a carrier, the Court concluded that the filing requirement was intended to protect the carrier "by providing a reliable record of potential liabilities," and accordingly it was appropriate for the court to consider whether the carrier's conduct "merits that protection." *Id.* at 273–74. In *Union Carbide Corp. v. Consolidated Rail Corp.*, 517 F.Supp. 1094, 1097 (N.D.Ill.1981), the court held that where "the failure to file a timely claim is directly attributable to [the carrier's] own false and misleading representation," the carrier can be estopped from relying on the statutory limitation.

No case has been found from the Second Circuit which resolves this question. We find that the argument in favor of non-waivability of the defense is more persuasive than the argument to the contrary. However, at the most, the defense should not be waivable or set aside unless the conduct of the carrier is so egregious that it would be against the interests of justice to do otherwise. We need not decide whether such a caveat to an absolute rule should be invoked because in this case there is no culpable conduct.

■ The Railroads have done nothing to invoke the application of waiver or estoppel in this action. Acknowledgement of receipt of a claim and investigation of the circumstances surrounding the claim are not in any way inconsistent with a later assertion that the claim was not timely. Moreover, plaintiff does not allege that the Railroads did anything at all *in the nine-month period* to induce it to refrain from filing a claim. All of the actions on which plaintiff relies took place *after* the nine-month period had already expired. (See Plaintiff's Memorandum of Law in Opposition to Defendant's Cross-Motion at 5).

Accordingly, the complaint is dismissed for plaintiff's failure to file a timely claim.

■ In view of the disposition above, it is unnecessary to dwell at length on the Railroads' second ground for dismissal: that plaintiff's failure to file this action within two years from the time that the Railroads declined the claim bars the action under 49 U.S.C. § 11707(e), as applied pursuant to the Uniform Domestic Straight Bill of Lading, Section 2(b).

The Railroads assert that the two-year period began running with their letter of August 18, 1978, (Exhibit 6 to Affidavit of George W. Clarke), written to Sealand, with copies to plaintiff's subrogated underwriter, Toplis and Harding. The letter refers to the claims of both Sealand and Toplis and Harding. It states:

"This is to inform you that per your letter of April 24, 1978 we are disallowing this claim and will conclude with Toplis and Harding per their letter of May 4, 1978."

The Toplis and Harding letter of May 4, 1978, referred to in the Railroads' August 18th letter, states that certain documentation pertaining to the claim was being provided to the Railroads and that:

"We trust with the attached documents in hand you will be able to bring this matter to a prompt conclusion."

(Exhibit 6 to Affidavit of George W. Clarke).

Reading the two letters together, the Railroads' assertion that the letter of August 18, 1978 constituted a declination of the plaintiff's claim is not convincing. The fair import of the language, to the extent it can be discerned at all, is that the Railroads intended to "bring [plaintiffs' claim] to a prompt conclusion."

As explained in *Cordingley v. Allied Van Lines, Inc.*, 563 F.2d 960 (9th Cir. 1977),

"§ 20(11) [the predecessor to § 11707(e)] which governs this dispute, was enacted to benefit shippers by requiring that they be given notice of disallowance before the limitation period begins to run."

Accordingly,

"To be effective a notice of disallowance must clearly convey to the claimant the message that his claim has been rejected. A 'clear, final and unequivocal' notice ... will begin the running of the ... limitation period."

*Id.* at 964, *quoting Polaroid Corp. v. Hermann Forwarding Co.*, 541 F.2d 1007, 1012 (3rd Cir. 1976).

In sum, while plaintiff's claim is not barred for failure to file suit within two years from the August 28, 1978 letter, it is barred because plaintiff failed to file its claim with the Railroads within nine months from the date the goods were discharged.

Accordingly, defendants' motion for summary judgment is granted and the complaint is dismissed.

It is so ordered.