**UNIVERSAL MANUFACTURING CORP. and Greg Jenkins d/b/a Advanced Leasing Co., Plaintiffs,**

v.

**ASSOCIATED RIGGING AND HAULING CORP., United Van Lines, Inc. and Killmorgen Corporation, d/b/a Additive Products, Defendants.**

**No. CV 91-1241.**

United States District Court, E.D. New York.

Sept. 30, 1991.

Harold F. Damm, Mineola, N.Y., for plaintiffs.

Feidelman & Hoefling, Jericho, N.Y., for defendant Associated Rigging and Hauling Corp.

Kroll & Tract by George W. Wright, New York City, for defendant United Van Lines, Inc.

Mulholland, Minion & Roe, Williston Park, N.Y., for defendant Killmorgen Corp.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Universal Manufacturing Corp. and Greg Jenkins, d/b/a Advanced Leasing Corporation, ("plaintiffs") bring this suit for damage caused to a driller-router machine ("the machine") while in transit from Aquebogue, New York to Woodenville, Washington. Named as defendants are Associated Rigging and Hauling Corp. ("Associated"), United Van Lines, Inc. ("UVL"), and Killmorgen Corporation, d/b/a Additive Products ("Additive"). Presently before the Court is defendant UVL's motion for summary judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, on the ground that plaintiffs failed to commence this action within two years and one day from the date of plaintiffs' receipt of

UVL's declination of the claim, as required by the bill of lading.

## BACKGROUND

Plaintiff Jenkins purchased the machine at issue from Additive. On August 12, 1988, Associated loaded the machine onto a trailer owned and operated by UVL. UVL delivered the machine to Jenkins' lessee, plaintiff Universal, at Woodenville, Washington on August 19, 1988.

On October 21, 1988, an attorney for plaintiffs, George S. Lundin ("Lundin"), filed a written claim with UVL for the sum of $30,000 in alleged damage to the machine. On December 20, 1988, after consulting with an outside firm retained to investigate the claim, UVL's staff attorney Timothy M. Baer ("Baer") informed Lundin in writing that "United Van Lines, Inc. denies any responsibility for the alleged damage." Plaintiffs' counsel responded by letter dated December 28, 1988, which read that "Your letter of December 20, 1988 denying my client's claim was received in this office on December 17, 1988."

In a telephone conversation initiated by Lundin on January 4, 1989, Baer agreed to further review the claim and requested Lundin to furnish additional documentation to substantiate the alleged damages of $30,000. This phone conversation was confirmed in a letter of the same from Baer to Lundin.

On August 14, 1989, Baer received a letter dated August 11, 1989 from Lundin, which included a letter dated July 18, 1989 from Northwest Calibration Systems to plaintiff Universal. These letters reported that the machine was alleged to have two cracks in the base, in addition to chips in one of the granite bases which had already been reported. This was UVL's first notification of the alleged cracks in the base. Thereafter, on March 19, 1991, UVL received service of the summons and complaint in this action. As noted above, UVL currently moves for summary judgment.

## DISCUSSION

A motion for summary judgment may be granted only when there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987). The burden is on the moving party to clearly establish the absence of a genuine issue as to any material fact and "a court must resolve all ambiguities and draw all reasonable inferences against the moving party." *Donahue*, 834 F.2d at 57 (citations omitted). With these principles in mind, this Court turns to address the instant motion.

UVL contends, and plaintiffs do not dispute, that this action involves the interstate shipment of merchandise from New York to Washington and that, consequently, the liability of UVL, if any, is governed by the Carmack amendment to the Interstate Commerce Act, 49 U.S.C. § 11707. The terms and conditions of UVL's Uniform Domestic Bill of Lading and its applicable tariff filed with the Interstate Commerce Commission ("ICC") require that any claim against a carrier for loss or damage must be filed in writing within nine months of delivery, and that any suit against a carrier must be instituted within two years and one day from the date of the carrier's declination of the claim. *See* 49 U.S.C. § 11707(e); UVL's Notice of Motion at exhibit B. UVL claims that plaintiffs' complaint is time barred because it was filed nearly three months after the expiration of the two year and one day time limit. UVL also argues that the counterclaims of the co-defendants are likewise time barred because neither one filed a written claim within nine months of delivery of the machine.

In order for the statute of limitations to begin running in cases against a common carrier, the carrier's declination of claim must be clear, final, and unequivocal. *Combustion Engineering, Inc. v. Consolidated Rail Corp.*, 741 F.2d 533, 536 (2d Cir.1984) (citations omitted); *Polaroid Corp. v. Hermann Forwarding Co.*, 541 F.2d 1007, 1012 (3d Cir.1976) (citations omitted). Plaintiffs herein argue that

there is a substantial issue of fact as to whether UVL met this clear, final, and unequivocal standard in its letter of December 20, 1988, which denied responsibility for the damage. In support of their argument, plaintiffs rely upon *Combustion Engineering*, in which the Second Circuit held that a carrier's letter which stated that "[c]laim as presented is disallowed" was not sufficiently clear, final, or unequivocal to start the statute of limitations running. 741 F.2d at 537. Plaintiffs claim that if the statement in *Combustion Engineering* was held insufficient under the test, then the one it received from UVL must also fail.[1] However, the statement in *Combustion Engineering* was rejected because the court found that the use of the words "as presented," accompanied with a request for further supporting information, "failed unequivocally and finally to reject" the claim. *Id.*

■ No such equivocation appeared in UVL's statement. Moreover, plaintiffs' counsel seems clearly to have understood the significance of UVL's denial of responsibility, since his own letter to UVL acknowledged receipt of "[y]our letter ... denying my client's claim." Since UVL's denial of responsibility made it clear "that the right of disallowance ha[d] definitely been exercised," *Combustion Engineering*, 741 F.2d at 537, this Court finds that it was sufficiently clear and final. Accordingly, plaintiffs' cause of action against UVL is time barred.

Although there were settlement negotiations between the parties after UVL's disallowance, such negotiations do not serve to vitiate the effective disallowance of a claim. The purpose of a carrier's disallowance of a claim is to commence the running of the statute of limitations, not to discourage settlement negotiation. *B.F. Goodrich Tire Co. v. Louisville & Nashville R.R. Co.*, 439 F.Supp. 363, 365 (S.D.N.Y.1977); *White v. United Van Lines, Inc.*, 758 F.Supp. 1240, 1243 (N.D.Ill.1991).

■ It is to be noted that the cross-claims of co-defendants Additive and Associated are also time barred because they were not filed with UVL within nine months of the delivery of the machine. *See* 49 U.S.C. § 11707(e); UVL's Notice of Motion at B. The nine-month notice of claim requirement cannot be circumvented by denominating a claim against a carrier as one for indemnity or otherwise. *Urban Elec. Co., Inc. v. Cable Index*, 735 F.Supp. 29, 32 (D.Mass.1990); *U.S. Steel Int'l, Inc. v. S.S. Lash Italia*, 439 F.Supp. 365, 368 (S.D.N.Y.1977). Accordingly, UVL's motion for summary judgment must be granted.

## CONCLUSION

For the reasons stated above, UVL's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, is granted. The Clerk of the Court is directed to enter judgment for United Van Lines, Inc.

SO ORDERED.

---

1. It bears repeating that the notice sent by UVL herein stated that: "United Van Lines, Inc. de-

nies any responsibility for the alleged damage."