**IML FREIGHT, INC.**

v.

**The UNITED STATES.**

No. 568–79C.

United States Court of Claims.

Nov. 19, 1980.

George A. Hunt, Salt Lake City, Utah, attorney of record, for plaintiff. Snow, Christensen & Martineau, Salt Lake City, Utah, of counsel.

John Charles Ranney, Washington, D.C., with whom was Asst. Atty. Gen., Alice Daniel, Washington, D.C., for defendant.

Before NICHOLS, KASHIWA and SMITH, Judges.

## ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

SMITH, Judge:

Plaintiff, IML Freight, Inc. ("IML"), has moved for judgment on the pleadings, challenging the legality of defendant's administrative offset against plaintiff's claims for payments under contracts for transportation services performed by IML for the Government.[1] Having reviewed the pleadings and submissions of the parties, but without hearing oral argument, we deny plaintiff's motion and remand the case to the trial division.

Plaintiff, a motor carrier, sets forth in its petition two unrelated claims for compensation for freight transportation services which it provided to defendant. In its answer, defendant admits (i) that plaintiff submitted to it, by voucher, charges for the services, (ii) that the charges are proper, and (iii) that it has not paid the charges. With respect to each of plaintiff's claims for relief, defendant raises as an affirmative defense its having administratively set off, against the freight transportation charges constituting the claim, an equal amount of prior existing freight loss damage allegedly incurred by defendant as a consequence of the transportation by plaintiff or plaintiff's predecessor in interest of freight shipped by defendant. The setoff which defendant raises as an affirmative defense to plaintiff's first claim for relief was asserted, both administratively and in this action, less than 6 years after defendant sustained the alleged freight loss damage which is the subject of the setoff.[2] The setoff which defendant raises as an affirmative defense to plaintiff's second claim for relief was asserted, both administratively and in this action, more than 6, but less than 7, years after defendant sustained the alleged freight loss damage which is the subject of the setoff.[3] In its petition, plaintiff disputes both freight loss damage claims underlying the setoffs.

At the outset, plaintiff argues that the administrative setoffs underlying defendant's affirmative defenses do not constitute "payment" of the freight transportation charges.[4] Defendant does not controvert

1. Section 244(a) of 31 U.S.C. (Supp. II 1978) governs plaintiff's entitlement to payment for the freight transportation charges constituting its claims for relief. Section 244(a) states in pertinent part:
   "Payment for transportation of persons or property for or on behalf of the United States by any carrier or forwarder shall be made upon presentation of bills therefor prior to audit by the General Services Administration, or his [*sic*] designee. The right is reserved to the United States Government to deduct the amount of any overcharge by any carrier or forwarder from any amount subsequently found to be due such carrier or forwarder. * * *"

2. The freight loss damage in question allegedly arose out of an express contract of carriage between defendant and plaintiff. The damage concerned a piece of machinery which, after it had allegedly been shipped by defendant, along with other items, via plaintiff, was missing when the shipment arrived at its destination.

3. The freight loss damage in question allegedly arose out of an express contract of carriage the performance of which involved plaintiff's predecessor in interest. The damage concerned certain perishable subsistence items shipped by defendant. Upon arrival of the shipment at its destination, defendant rejected to the carrier, plaintiff's predecessor in interest, a substantial portion of the shipment. The rejected portion was allegedly in spoiled condition.

4. As support for this argument, plaintiff cites *United States v. Isthmian S.S. Co.*, 359 U.S. 314, 79 S.Ct. 857, 3 L.Ed.2d 845 (1959), and *Grace Line, Inc. v. United States*, 255 F.2d 810 (2d Cir. 1958). The decisions in those cases apply only to actions in admiralty, insofar as

this argument. Rather, defendant characterizes its affirmative defenses as being defenses of setoff, not defenses of payment of the freight charges. In other words, defendant postulates that, because it has set off against the freight charges an equal amount of plaintiff's alleged liability to it for the aforementioned freight loss damage, it is not required, absent an adjudication of the freight loss damage claims which it has set off, to pay the freight charges to plaintiff. Defendant's characterization of its affirmative defenses is accurate.

Plaintiff argues next: "In light of the statute, 31 U.S.C.A. § 244(a), refusal by the Government to pay promptly its transportation charges on any ground, other than deduction of previous overcharges, is unlawful." More particularly, plaintiff argues that section 244(a) prohibits defendant from administratively setting off a disputed freight loss damage claim against freight transportation charges. Defendant counters by asserting that this argument is in conflict with our holding in *Burlington Northern.*[5] Defendant is correct.

In *Burlington Northern,* the plaintiff, a common carrier by railroad, sought to recover transportation charges which defendant had owed to its predecessor in interest. Defendant had administratively set off against the charges an equal portion of a prior existing damage claim. The damage claim was for compensation for the unauthorized use by the predecessor in interest of a flatcar shipped by defendant via the predecessor. Having moved for summary judgment, the plaintiff argued that the administrative setoff of the damage claim was unlawful because the setoff was not authorized by 49 U.S.C. § 66, now recodified to 31 U.S.C. § 244(a). In other words, the plaintiff argued that, pursuant to section 66, defendant was entitled to make only one kind of deduction from transportation charges, namely, deductions for overcharges.

Rejecting the plaintiff's argument, the court held that 49 U.S.C. § 66 did not extinguish the "Government's common law right of offset in the situation."[6] According to the court, defendant's assertion of its administrative setoff of the damage claim as a defense to the plaintiff's action was "an inherently sound procedure which contributes to efficient resolution of opposing claims."[7] In reaching this holding, the court relied on *Munsey Trust Co.,*[8] wherein the Supreme Court stated: "The government has the same right 'which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him. [Citation omitted.]' "[9]

We reaffirm our holding in *Burlington Northern* that 49 U.S.C. § 66, now recodified to 31 U.S.C. § 244(a), does not restrict defendant's power of administrative setoff against transportation charges to claims for previous overcharges. As a corollary of our determination in that case that defendant is entitled to set off, against transportation charges, a claim for compensation for the unauthorized use of a Government-owned flatcar, we hold that section 244(a) does not prohibit defendant from administratively setting off a prior existing freight loss damage claim against freight transportation charges. Furthermore, we hold that the section does not prohibit defendant from asserting such an administrative setoff as an affirmative defense in an action by a carrier to recover freight transportation charges.[10] In short, 31 U.S.C. § 244(a) does

---

the decisions concern the propriety of defendant's asserting, in an action by one of its creditors to recover on a debt which is owed by defendant to the creditor, a setoff of a claim arising from a transaction unrelated to the debt.

5. *Burlington Northern Inc. v. United States,* 199 Ct.Cl. 143, 462 F.2d 526 (1972).

6. *Id.,* 199 Ct.Cl. at 147, 462 F.2d at 529.

7. *Id.,* 199 Ct.Cl. at 148, 462 F.2d at 529.

8. *United States v. Munsey Trust Co.,* 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947).

9. *Id.* at 239, 67 S.Ct. at 1601.

10. *Garrett Freightlines, Inc. v. United States,* No. 76-2078 (10th Cir. June 21, 1978).

not require us to strike the affirmative defenses of setoff which defendant raises here.

▇ Plaintiff's final argument concerns the setoff which defendant raises as an affirmative defense to plaintiff's second claim for relief, i. e., the setoff which defendant asserted for the first time more than 6, but less than 7, years after defendant had sustained the alleged freight loss damage which is the subject of the setoff. Plaintiff argues that 28 U.S.C. § 2415(a) (1976) prohibits defendant's attempt to assert the setoff as an affirmative defense. Plaintiff's argument is without merit.

Section 2415(a) imposes, in the absence of "applicable administrative proceedings," a 6-year period of limitations on defendant's right to *bring* an action which is founded on contract and which is for money damages. Section 2415(a) does not deal with defendant's right to set off, *in an action brought against it*, its contract-based claims for money damages. The applicable provision governing the latter right is section 2415(f) of the same title. Section 2415(f) provides in pertinent part:

> * * * A claim of the United States or an officer or agency thereof that does not arise out of the transaction or occurrence that is the subject matter of the opposing party's claim may, *if time-barred, be asserted only by way of offset* and may be allowed in an amount not to exceed the amount of the opposing party's recovery. [Emphasis supplied.]

Until now, we have not had occasion to apply the quoted portion of section 2415(f) to a time-barred claim of defendant founded on contract. We have, however, applied the quoted portion to a time-barred tort claim of defendant.[11] In *Jankowitz*[12] we held that defendant's assertion, in an action brought under the Back Pay Act,[13] of an affirmative defense of setoff of damages

for its time-barred claim for "deceit" was proper. We based that holding on our conclusion that the quoted portion of section 2415(f) "specifically authorize[d] defendant to assert by setoff its tort claim."[14]

The quoted portion of section 2415(f) is likewise applicable to time-barred claims of defendant founded on contract, there being in the quoted portion no qualifying language with respect to the types of claims which it covers. The quoted portion, in short, authorizes defendant to raise, in actions brought against it, affirmative defenses of setoff of its time-barred claims founded on contract. One such claim is the freight loss damage claim underlying the setoff which defendant raises as an affirmative defense to plaintiff's second claim for relief. We hold, on the basis of section 2415(f), that defendant's having raised this setoff as an affirmative defense is proper.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is denied. The case is remanded to the trial division for further proceedings consistent with our opinion.

---

**11.** Section 2415(b) of 28 U.S.C. (1976) imposes, generally speaking, a 3-year period of limitations on defendant's right to commence an action sounding in tort.

**12.** *Jankowitz v. United States*, 209 Ct.Cl. 489, 533 F.2d 538 (1976).

**13.** 5 U.S.C. § 5596 (1976).

**14.** *Jankowitz v. United States, supra* note 12, 209 Ct.Cl. at 504, 533 F.2d at 547.