Plaintiff, Southern Railway Co. (Southern), has moved for summary judgment, challenging the validity of defendant’s administrative offsets against plaintiffs billings under contracts for transportation services performed by Southern for the Government. The offsets are allegedly invalid because the Government failed to submit written notice of its claims within the contractually prescribed time period. Defendant’s sole response is that plaintiff should be es-topped from making this argument. We find the Government’s position untenable and hold for plaintiff.
The basic facts are as follows: Southern, the final delivering carrier, pursuant to commercial bills of lading, transported three flat cars containing "dust collectors” from the vendor, Leco, Inc., Paducah, Kentucky, and consigned to the United States Atomic Energy Commission c/o Union Carbide Corp. (UCC) Nuclear Division, Oak Ridge, Tennessee. UCC operated the Oak Ridge facility as a government contractor. The shipment arrived at Oak Ridge on May 23 and May 25, 1973 in a damaged condition. Mr. G.E. Crowe, the traffic assistant in the Receiving Department at the Oak Ridge Gaseous Diffusion Plant, inspected the train cars, notified Southern of the damages, and requested that an inspection be made. On May 25,1973, two employees of Southern, C.L. Conner and W.J. Gibby, arrived at the site of the cars containing the damaged dust *713 collectors and conducted an inspection. The inspectors subsequently issued three exception reports on July 13, 1973, one for each train car.[1] On August 28,1973, representatives of UCC, Leco and Southern met to discuss the damages.
The aforesaid commercial bills of lading were subject to the following provision printed on the reverse side thereof, (contained in the Uniform Freight Classification Tariffs on file with, and duly approved by the Interstate Commerce Commission):
2(b) As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing the bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property . . . and suits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim. . . . Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid, [Emphasis supplied.]
On May 3, 1974 (11% months after delivery), Union Carbide first filed on behalf of the Government a written claim with Southern in the amount of $20,237.22. Southern disallowed the claim on July 15, 1974 as being untimely.
Thereafter, in January 1977 the General Accounting Office directed the Army Finance Center to deduct $20,237.22 from plaintiffs recent freight bills as an offset. This was done the next month. Plaintiff timely filed this suit on February 14, 1980, asserting the deduction was invalid and seeking recovery of the amount allegedly wrongfully withheld.
It is settled law that: "The government has the same right 'which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him.’” United States v. Munsey Trust Co., 332 U.S. 234, 239 (1947); accord, IML Freight, Inc. v. United States, 225 Ct.Cl.394, 397-98, 639 F.2d 676, 678 *714 (1980); Burlington Northern Inc. v. United States, 199 Ct.Cl. 143, 147, 462 F.2d 526, 529 (1972). Plaintiff contends that the taking of an offset in the case at bar was improper because the "condition precedent” for the existence of a debt — the Government’s filing of a written claim "within nine months after delivery of the property” — was never satisfied. See generally The Flying Tiger Line Inc. v. United States, 145 Ct.Cl. 1, 7, 170 F.Supp. 422, 425 (1959). See also Georgia, Fla. & Ala. Ry. Co. v. Blish Milling Co., 241 U.S. 190, 197-198 (1916); Pathway Bellows, Inc. v. Blanchette, 630 F.2d 900 (2d Cir. 1980), cert. denied, 450 U.S. 915 (1981); American Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co., 422 F.2d 462, 476-469 (6th Cir. 1970). The Government concedes that no written claim whatsoever was filed within the stipulated period.[2] Its strategy, as a consequence, is to seek to nullify this factor.
Defendant theorizes that, under all the facts and circumstances herein, plaintiff should be estopped from asserting the timely written claim requirement contained in the bills of lading. As a matter of law, the circuits are divided on the applicability of estoppel in this context and this court has not heretofore addressed the question. Compare Perini-North River Associates v. Chesapeake & Ohio Ry., 562 F.2d 269 (3d Cir. 1977) with B. A. Walterman Co. v. Pennsylvania R.R., 295 F.2d 627, 628 (6th Cir. 1961). See generally *715 Pathway Bellows, Inc. v. Blanchette, No. 79-7860, n.10 (2d Cir. Sept. 2, 1980); see also Chesapeake & Ohio Ry. v. Martin, 283 U.S. 209, 222 (1931). However, even assuming that estoppel may apply, we find nothing in the instant case which would justify its imposition.[3] The Government attempts to rely upon Perini-North River, supra, where conduct on the part of the carrier misled the consignee into believing that there was no need to file a written claim. At 272-273. No such factual circumstance exists here.
We thus conclude that Southern was subject to no liability for damages in the shipment to Oak Ridge and the Government improperly took an offset.
Accordingly, after consideration of the submissions of the parties, with oral argument of counsel, plaintiffs motion for summary judgment is granted. Plaintiff is entitled to recover $20,237.22 and judgment is herein entered for that amount.

 Each exception report contained the following printed disclaimer: "Assessment of damages and/or disposition of salvage does not place responsibility for loss. This action is taken to minimize'the loss pending determination of liability. This is not a claim.**

 The fact that certain Southern employees had been made aware of the damages does not substitute for the lack of a written claim to the carrier, however informal. See Pathway Bellows, Inc. v. Blanchette, No. 79-7860 (2d Cir. Sept. 2, 1980); Perini-North River Associates v. Chesapeake & Ohio Ry Co., 562 F.2d 269, 273 (3d Cir. 1977); American Synthetic Rubber Corp., v. Louisville & Nashville R.R. Co., 422 F.2d 462, 468 (6th Cir. 1970). The Supreme Court has stated apropos the need for a claim in writing:
It may be argued that the carrier is bound to know whether it has delivered to the right person or according to instructions. This argument, however, even with respect to the particular carrier which makes a misdelivery, loses sight of the practical object in view. In fact, the transactions of a railroad company are multitudinous and are carried on through numerous employees of various grades. Ordinarily the managing officers, and those responsible for the settlement and contest of claims, would be without actual knowledge of the facts of a particular transaction. The purpose of the stipulation is not to escape liability but to facilitate prompt investigation. And, to this end, it is a precaution of obvious wisdom, and in no respect repugnant to public policy, that the carrier by its contracts should require reasonable notice of all claims against it even with respect to its own operations.
Georgia, Fla. & Ala. Ry. v. Blish Milling Co., 241 U.S. 190, 195-196 (1916). The Blish Court added that the "[stipulation] is addressed to a practical exigency and. . .is to be construed in a practical way.” Id. at 198.

 In order to constitute an equitable estoppel or estoppel in pais there must exist:
1) a false representation or concealment of material facts;
2) it must have been made with knowledge, actual or constructive, of the facts;
3) the party to whom it was made must have been without knowledge or the means of knowledge of the real facts;
4) it must have been made with the intention that it should be acted on;
5) and the party to whom it was made must have relied on or acted on it to his prejudice.
31 C.J.S. 2d Estoppel § 67 (1964); accord, Nat’l State Bank v. Terminal Construction Corp., 217 F. Supp 341, 359 (D.N.J. 1963), affirmed, 328 F.2d 315 (3d Cir. 1964).