**MAZAMA TIMBER PRODUCTS, INC.**

v.

**The UNITED STATES.**

No. 444–81C.

United States Claims Court.

Aug. 24, 1984.

Alan I. Saltman, Washington, D.C., for plaintiff. Gary G. Stevens, Thomas F. Spaulding and Saltman & Stevens, P.C., Washington, D.C., of counsel.

George M. Beasley, III, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. Robert A. Maynard, Dept. of Agriculture, Washington, D.C., of counsel.

## OPINION

MEROW, Judge:

This case comes before the court on motions for summary judgment. Jurisdiction is based on 41 U.S.C. §§ 601–13.

*Factual Background*

On August 20, 1974 Mazama Timber Products, Inc. (Mazama) was awarded the Rush Creek timber sale contract in the Willamette National Forest, Blue River District, by the United States Forest Service. The contract provided that, in connection with the timber sale, plaintiff would construct roads according to Forest Service specifications. Shortly after construction began, plaintiff encountered difficulties regarding subsurface conditions. On June 18, 1979, pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–13, Mazama submitted a claim for $661,622.93 to the Forest Service for breach of contract. On January 25, 1980 the Forest Service issued a final decision denying the claim, and on December 18, 1980 Mazama filed suit in this court seeking relief on this road construction claim.[1] Mazama continued contract performance pending resolution of the dispute.

In early April 1981, while its road construction suit was pending, Mazama received a bill for $166,051.97 from the Forest Service for timber removal. On April 24, 1981 Mazama advised the Forest Service that, in light of the existing $661,622.93 construction claim, plaintiff would withhold any amounts due the Forest Service for the timber as a setoff. On May 12, 1981 defendant sent Mazama another timber bill for $44,468.32. On June 2, 1981 the Forest Service issued plaintiff a final assessment for $188,707.29.

Upon Mazama's initial refusal to make payments, the Forest Service requested payment from plaintiff's surety, United Surety (United). Defendant made a second request to United when it issued its final assessment on June 2, 1981. United refused payment, claiming it had no obligation under the contract. The Forest Service advised it would recommend United's removal from the Department of Treasury's list of approved sureties if payment were not forthcoming. On July 17, 1981 plaintiff sought a temporary restraining order and a preliminary and permanent injunction in the United States District Court for the District of Columbia to prevent the Forest Service from initiating procedures revoking United's Certificate of Authority. Upon denial of the claim, plaintiff paid defendant, under protest, $188,707.29 for timber and $2,041.63 in interest. Mazama subsequently requested return of the payments from the Forest Service. Upon receipt of the final decision refusing payment, Mazama filed this second suit for reimbursement of the $188,707.29 and $2,041.63 it paid the Forest Service and for $16,251.20 it incurred in attorneys' fees seeking the temporary restraining order. Plaintiff (1) seeks review of the contracting officer's final decision, and (2) alleges breach of contract because of defendant's failure to cooperate and its wrongful pursuit of collection remedies.

During the pendency of this suit, plaintiff filed a petition for reorganization under Chapter 10 of the Bankruptcy Act, 11 U.S.C. §§ 501–676. On March 7, 1984 plaintiff's payment bond was cancelled.

Cross motions for summary judgment have been filed and oral argument has been heard. For the reasons stated below, plaintiff's motion for summary judgment is granted and plaintiff is awarded $188,707.29 for the timber and $2,041.63 for the interest amounts it paid under protest as well as interest allowed in accordance with 41 U.S.C. § 611. Plaintiff's prayer for attorneys' fees is denied.

*Discussion*

1. *Timber Claim*

A. *Common Law Setoff*

■ Plaintiff correctly argues that its refusal to pay defendant was an exercise of its common law setoff right and that requiring payment was a breach of contract. The setoff right belongs "to *every* creditor, to apply the appropriated moneys of his debtor, in his hands, in extinguishment of the debts due him." *United States v. Munsey Trust,* 332 U.S. 234, 239, 67 S.Ct.

---

1. This suit, No. 680–80C, is still pending.

1599, 1602, 91 L.Ed. 2022 (1947). (Emphasis added.) Offsets are available to any debtor/contractor who also acts as a creditor. This includes the government, a private contractor, and a public contractor.

■ Contrary to defendant's assertions, Mazama's claim is sufficiently certain for a setoff. It is the subject of judicial proceedings. To exercise the right of setoff, pending resolution of the controversy, the claim need not be reduced to judgment. *I.M.L. Freight, Inc. v. United States,* 225 Ct.Cl. 393, 395, 639 F.2d 676, 678 (1980); *Burlington Northern, Inc. v. United States,* 199 Ct.Cl. 143, 147, 462 F.2d 526, 529 (1972); *Project Map, Inc. v. United States,* 203 Ct.Cl. 52, 55, 486 F.2d 1375, 1376 (1973). Defendant does not dispute that Mazama's claims were made in good faith. Instead, defendant argues that a right to offset should not be recognized because of the potentially devastating effect it would have on future timber sale contracts. The Forest Service argues that recognizing a setoff right would encourage the submission of frivolous claims and would needlessly delay timber payment. However, this argument must await an appropriate case for its resolution since, in the instant matter, the setoff is based on a good faith claim asserted by plaintiff. Absent such a claim, a setoff right may well not be available.

Defendant also contends that, even if a right to setoff were recognized, it must be predicated upon a contracting officer's final decision quantifying the claim. *See Appeal of Transport Tire Co.,* 80–2 BCA ¶ 14,586 (1980). However, plaintiff has pleaded its $661,622.93 claim in this court. This pleading, together with RUSCC 11 and statutory provisions dealing with the submission of false claims (18 U.S.C. § 1001; 31 U.S.C. §§ 231–35; 28 U.S.C. § 2514), provide a guarantee of plaintiff's good faith quantification of its claim. This is fully equivalent to the guarantee obtained from a contracting officer's decision required as a predicate to a government setoff on a claim against a contractor.

■ Defendant also argues that a setoff is inappropriate in this case because plaintiff is insolvent. Defendant contends that if the construction claims plaintiff asserts as a basis for the setoff are denied, defendant may not be fully compensated for the timber. Rather, defendant would be required "to stand in line" with plaintiff's other creditors. To argue that plaintiff's subsequent insolvency creates a basis on which to deny relief is misplaced. When the timber payment was compelled, plaintiff was not insolvent. It is concluded that defendant should not, by an erroneous collection action, be placed in a better position than it would have occupied absent such action.[2] *Cf. Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

### B. *Contract Claim*

Defendant contends section B4.4 of the contract controls this dispute. It provides:

Forest Service remedies for Purchaser's failure to pay amounts due, except for suspension of all or any part of Purchaser's Operation, shall be stayed for so long as (a) a bona fide dispute exists as to Purchaser's obligation to make such payment, and (b) Purchaser shall file and prosecute a timely appeal from Forest Service decision involved in such dispute under Regulations of Secretary of Agriculture. (36 C.F.R. § 211.20 *et seq.*).

■ Defendant first argues that plaintiff has not satisfied the requirements of section B4.4(b). This theory is based on the premise that the regulations controlling at the time of contract formation did not permit a suit for reformation or money dam-

---

**2.** It should be noted that although plaintiff's performance bond has been cancelled, if plaintiff were to default on any payment owed for timber, defendant may still have recourse against United. Unless sooner discharged, or except as it may be limited by the contract, the obligation of the surety continues for the same period as that of the principal. 72 C.J.S.2d *Principal & Surety,* § 107. This issue, however, was not briefed by the parties and is not before the court at this time.

ages and that, therefore, this dispute is outside the intendment of the clause.

36 C.F.R. § 211.20 (1975), the regulation referenced in section B4.4, reads: "Contract appeals; appeals from decisions on matters *other than the contract.*" (Emphasis added.) This title and the following regulations reflect the jurisdictional dichotomy between claims based on the disputes clause and claims based on breach of contract. *See, generally, United States v. Utah Construction and Mining Co.,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). This situation was eliminated by the Contract Disputes Act, 41 U.S.C. §§ 601–13 (1978), the statute under which this claim is brought. It is reasonable to conclude that the phrase "under the Regulations of the Secretary of Agriculture" means the applicable law at the time of the appeal, not at the time of contract formation. *See Thorpe v. Housing Authority,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). Since plaintiff has followed the Contract Disputes Act procedures, its appeal meets the requirements of section B4.4(b).

Alternatively, defendant asserts the dispute is beyond the scope of section B4.4(a). Defendant's original position was that section B4.4(a) only governed the amount or quality of timber harvested, and had nothing to do with road purchaser credits. Subsequently, defendant has argued that road purchaser credits are within the scope of the clause, but only to the extent of the purchaser credit limit. Since plaintiff exhausted its purchaser credits, defendant contends the dispute is outside the purview of section B4.4. However, defendant has not argued that the clause limits plaintiff's common law setoff right and it is on this basis that plaintiff prevails.

For the reasons stated above, plaintiff's motion for summary judgment concerning payments for timber removal is granted. Defendant will be granted leave to amend its pleading in its companion case, *Mazama Timber Products, Inc. v. United States,* Claims Court No. 680–80C, to include a claim for the timber removed by Mazama.

## 2. *Attorneys' Fees*

In the absence of specific statutory authority, expenses incurred in litigation, whether legal, accounting, secretarial, or others, cannot be recovered. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 265–68, 95 S.Ct. 1612, 1626–27, 44 L.Ed.2d 141 (1975); *Kurz & Root Co. v. United States,* 227 Ct.Cl. 522, 652 F.2d 69 (1981); *Aparacor, Inc. v. United States,* 215 Ct.Cl. 596, 571 F.2d 552 (1978).

However, in *N.L. and J.L. Terteling v. United States,* 167 Ct.Cl. 331, 334 F.2d 250 (1964), litigation costs were awarded as breach of contract damages absent a statutory authorization. In *Terteling* the contractor was sued by a third party for its use of gravel pits, the availability of which was warranted by government specifications. The court determined the government should have defended the action, would have been liable for a judgment, and held the contractor was entitled to indemnification. In Mazama's case, its action in defending against the government's collection proceedings does not present a comparable situation warranting the recovery of its litigation costs as damages for breach of contract. This case does not involve litigation costs which the government should have assumed under the contract. Litigation costs are not normally allowed as consequential damages. Regardless of whether plaintiff characterizes attorneys' fees as litigation costs or contract damages, they are not recoverable. *Kania v. United States,* 227 Ct.Cl. 458, 467, 650 F.2d 264, 269 (1981).

Plaintiff's claim for attorneys' fees is denied.

### Conclusion

For the reasons stated above, it is ORDERED:

(1) Plaintiff's motion for summary judgment to recoup its payments for timber removed and interest is granted and a final

partial[3] judgment shall be entered in favor of plaintiff in the amount of $190,748.92 plus interest, as provided in the Contract Disputes Act, from the date of plaintiff's claim submission to the United States Forest Service on September 30, 1981;

(2) By a separate order in No. 680-80C, defendant shall be granted leave to amend its pleading to include a claim, or contingent claim, for the payments refunded to plaintiff by this judgment;

(3) A final judgment shall also be entered dismissing plaintiff's claim for attorneys' fees asserted in this action.

---

**3.** While the judgment finally disposes of this litigation, the issue whether plaintiff will be liable for the sum involved, or any portion thereof, remains for resolution in No. 680-80C. Accordingly, the "partial" designation is used in accordance with 28 U.S.C. § 2517(b).