**NORTHERN PAC. RY. CO. v. MACKIE et al.**

No. 13032.

United States Court of Appeals Ninth Circuit.

April 2, 1952.

Dean H. Eastman, Roscoe Krier, Seattle, Wash., for appellant.

Rummens, Griffin & Short and Paul R. Cressman, all of Seattle, Wash., for appellees.

Before STEPHENS, HEALY and GOODRICH,* Circuit Judges.

HEALY, Circuit Judge.

This is a suit against appellant, an interstate rail carrier, to recover damages to a carload of plywood. A trial to the court resulted in a judgment in favor of the plaintiffs, appellees here.

The facts were stipulated. The freight was delivered to appellant at Tacoma, Washington, about March 4, 1949, for de-

* Third Circuit, sitting by special designation.

livery at Phoenix, Arizona. Section 2(b) of the bill of lading under which the shipment was handled provided, in part: "As a condition precedent to recovery, claims must be filed in writing with the * * * carrier * * * within nine months after delivery of the property * * *." The question for decision is whether, under the circumstances shown, recovery may be had in the absence of compliance with the condition.

The freight was delivered to the consignee on March 12, 1949. Upon its arrival at Phoenix, an employee of the Southern Pacific Company inspected the shipment and made a written report to the consignee and to the Southern Pacific Company. The report noted damage—extent unknown—and that the consignee would call for a final inspection. The report stated that it was not an acknowledgment of liability, and it contained a provision in substance the same as that of the bill of lading clause quoted above.

Neither the consignee nor the appellees called for a final inspection, and the Southern Pacific Company made no further inspection. The consignee declined to accept the plywood and appellees ultimately disposed of it to their best advantage, suffering a net loss of $1,177.71. Meanwhile, during June, 1949, appellee Mackie discussed the claim with one Taft, then chief clerk in appellant's freight claim department. During these conversations, Mackie advised Taft of his intention to file a claim, and further advised that formal claim was delayed by inability to complete a deal and determine the exact loss. Appellees, on February 2, 1950, more than nine months after delivery, filed a written claim for damages. The claim was denied as having been filed too late.

As the basis of its judgment in favor of the complaining parties, the trial court found that by reason of the Southern Pacific Company's inspection and advice from the plaintiffs, appellant knew immediately after the arrival of the shipment that it had damaged the same, and that it then had as much, if not more, knowledge in relation to the damages as the plaintiffs, and at all times had or was chargeable with actual knowledge of all the conditions as to the damage.

Section 2(b) of the bill of lading was drawn in accordance with 49 U.S.C.A. § 20(11) (the Carmack amendment), prohibiting contracts for a shorter claim period than nine months. That such a provision in a bill of lading is reasonable and valid has long been settled law. Georgia, F. & A. Ry. Co. v. Blish Milling Co., 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948. The Blish case further established the proposition that the carrier cannot waive the provision. It is settled law, also, that, as regards interstate shipments, the question of the sufficiency of the notice of claim is a federal question. Georgia, F. & A. Ry. Co. v. Blish, supra; Chesapeake & Ohio Ry. Co. v. Martin, 283 U.S. 209, 51 S.Ct. 453, 75 L.Ed. 983.

A study of the federal decisions, including those of the Supreme Court, makes it clear that some sort of written notice of claim is essential. It is not enough that the carrier had actual knowledge that damage occurred, or that an oral claim for damages was made. Thus, in the leading case of Georgia, F. & A. Ry. Co. v. Blish, supra, the carrier informed the shipper that the freight was damaged. An exchange of telegrams followed, the last of which was from the shipper claiming damages for total loss. The Court held that the telegrams, taken together, satisfied the requirement of notice in writing. Speaking of the wisdom of the requirement, the Court observed that the transactions of a railroad company are multitudinous and are carried on through numerous employees of various grades. "Ordinarily," said the Court [241 U.S. 190, 36 S.Ct. 544], "the managing officers, and those responsible for the settlement and contest of claims, would be without actual knowledge of the facts of a particular transaction."

In St. Louis, I. M. & S. Ry. Co. v. Starbird, 243 U.S. 592, 37 S.Ct. 462, 61 L.Ed. 917, oral notice of spoilage of fruit was given to the carrier's agent in charge of the unloading dock. The Court held this insufficient as a notice of claim, stating that some kind of writing had to be given. "Such notice," said the Court, 243 U.S.

at page 605, 37 S.Ct. at page 468, "puts in permanent form the evidence of an intention to claim damages, and will serve to call the attention of the carrier to the condition of the freight, and enable it to make such investigation as the facts of the case require while there is opportunity so to do."

In Southern Pacific Company v. Stewart, 248 U.S. 446, 39 S.Ct. 139, 63 L.Ed. 350, the carrier had full notice of the damage, and communications relative to it passed daily between the shipper and the carrier. No written claim was filed until the damage became definitely ascertainable. The Court held that the contract provision was not complied with and that a verdict for the carrier should have been directed. To similar effect, see Olson v. Chicago, B. & Q. Ry. Co., 8 Cir., 250 F. 372; Manby v. Union Pacific Ry., 8 Cir., 10 F.2d 327.

Appellees cite numerous state decisions, but rely mainly on the holding of the Seventh Circuit in Hopper Paper Company v. Baltimore & O. Ry. Co., 178 F.2d 179. There, an interstate shipment of paper was almost totally destroyed in a wreck. The carrier sold the salvaged goods for $100 without notifying the shipper. The court was of the opinion that actual knowledge on the part of the carrier of all the facts was sufficient notice of claim, without more. Whether, in light of the unusual circumstances of that case, the holding is reconcilable with the federal rule we need not stop to inquire.

There are two later federal decisions on the subject, both of which adhere to the long recognized rule requiring written notice. One of these, Insurance Company of North America v. Newtowne Manufacturing Company, 187 F.2d 675, is by the First Circuit; the other, Delphi Frosted Foods v. Illinois Central Ry. Co., 188 F.2d 343, is by the Sixth. In the Newtowne case, all the documents which would support a claim were shown to the carrier's agent as the basis of an oral claim, no written claim being filed. The court thought that the minimum requirement is a written document, however informal, indicating the intent to claim, with sufficient identification of the shipment. In the Del-

phi Frosted Foods case, the court distinguished the Hopper holding, supra, as being predicated on its own peculiar facts.

 A vital purpose of the Interstate Commerce Act is to prevent preferences and discrimination by carriers as among shippers. For the carrier to disregard the condition precedent to recovery incorporated in the bill of lading here would, under the circumstances shown, open the door to evasions of the spirit and purpose of the Act in the respects mentioned. Chesapeake & Ohio Ry. Co. v. Martin, supra, 283 U.S. at page 222, 51 S.Ct. 453.

The judgment is reversed.