**Larry CULVER and Marine Office of America Corporation, Plaintiffs-Appellants,**

v.

**BOAT TRANSIT, INC., Defendant-Appellee.**

**No. 84–4152.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 4, 1985.

Decided Jan. 14, 1986.

Katherine H. O'Neil, Wood, Tatum, Mosser, Brooke & Holden, Portland, Or., for plaintiffs-appellants.

---

Emil Berg, Hallmark, Griffith & Keating, P.C., Portland, Or., for defendant-appellee.

Before SKOPIL and FLETCHER, Circuit Judges, and REED,* District Judge.

SKOPIL, Circuit Judge:

We are asked to determine if a shipper's failure to strictly comply with a written notice of claim requirement in a carrier's bill of lading as required by the Carmack Amendment, 49 U.S.C. § 11707(e) (1982), precludes the shipper and his insurer from maintaining an action against the carrier. The district court found that strict compliance was required and granted the carrier's motion for summary judgment. We reverse.

FACTS AND PROCEEDINGS BELOW

Boat Transit, Inc. ("Boat Transit"), a common carrier, agreed to ship Larry Culver's ("Culver") sailboat. Marine Office of America Corporation ("MOAC") insured the sailboat. During shipment, the truck carrying the sailboat collided with a truck. The sailboat fell off its trailer and was damaged.

A Boat Transit vice president in charge of damage claims phoned Culver and told him that his sailboat had been damaged in the accident. Later, both parties, along with their claim surveyors, met at Seattle Marine boat yard to jointly inspect the damage. In the presence of both parties' surveyors, Culver paid the C.O.D. charges for delivery of the sailboat and had the Boat Transit driver note the following damage on the bill of lading: "Damage to boat due to accident 1/18/82. Damage and repair pending."

Section 2(b) of the bill of lading provides that, as a condition precedent to recovery, claims must be filed in writing with the carrier within nine months after delivery. The requirements of section 2(b) comes from an industry-standard Uniform Bill of Lading. The provision incorporates statutory time limitations for the filing of damage claims, 49 U.S.C. § 11707(e), and regulatory requirements for claim forms, 49 C.F.R. §§ 1005.1–.3 (1984). In addition to section 2(b), language in the bill of lading states that any damage or shortages must be noted on the bill of lading at delivery and concealed damage must be reported to the carrier within fifteen days of delivery.

Representatives of Boat Transit and Culver agreed that the sailboat had been damaged too extensively to be repaired at Seattle Marine. Boat Transit representatives conferred with Boat Transit headquarters in California and agreed to move the sailboat to Holiday Marine for repairs. The two parties' surveyors later met again and compared surveys. The Boat Transit surveyor agreed to the repairs as outlined by Culver's surveyor. A Boat Transit representative told Culver to have his insurance company pay for the repairs and Boat Transit would then settle with Mr. Culver and MOAC. Repairs were undertaken and completed. MOAC paid Holiday Marine the full amount of its invoice and sought reimbursement from Boat Transit. Boat Transit denied MOAC's claim because Boat Transit had not received written notice of the claim within nine months of delivery.

Both parties moved for summary judgment on the question of whether Culver and MOAC were required to give Boat Transit written notice of the claim within nine months when Boat Transit had actual notice of the claim. Boat Transit complained, however, that plaintiff's motion was filed too late to allow a response prior to the court's consideration of Boat Transit's motion. The district court granted Boat Transit's motion for summary judgment and dismissed the plaintiffs' action. Culver and MOAC appealed.

---

* The Honorable Edward C. Reed, Jr., United States District Judge for the District of Nevada, sitting by designation.

## DISCUSSION

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983). Our review is *de novo. Id.*

The Carmack Amendment, 49 U.S.C. § 11707(e), requires that a carrier provide a minimum period of nine months for filing a written claim of damage. The purpose of the written claims requirement is to facilitate prompt investigation of damage claims by shippers, not to allow a carrier to escape liability. *Georgia, Florida & Alabama Railway v. Blish Milling Co.,* 241 U.S. 190, 196, 36 S.Ct. 541, 544, 60 L.Ed. 948 (1916).

Written notice of claim which will call the carrier's attention to the condition of the freight, enabling the carrier to investigate the claim, generally is required. *E.g., Northern Pac. Ry. v. Mackie,* 195 F.2d 641, 642–43 (9th Cir.1952). In *Mackie,* we held that oral notice coupled with the carrier's actual knowledge of damage was not sufficient to meet the written claim requirement. *Id.*

*Mackie* initially appears controlling. In a case decided after the district court dismissed this action, however, we concluded that "the formal requirement that the written communication inform the carrier that it is being held responsible for the damage may be relaxed when the carrier is given written notice of the fact of damage, has conducted a full inquiry, and is aware, through other communications, that reimbursement will be sought." *Taisho Marine & Fire Insurance Co. v. The Vessel "Gladiolus",* 762 F.2d 1364, 1368 (9th Cir. 1985).

Both *Taisho* and *Mackie* require some form of written notice of the damage. *Taisho,* 762 F.2d at 1368; *Mackie,* 195 F.2d at 642. *Taisho* simply relaxed the need for a formal claim in limited situations. *Taisho,* 762 F.2d at 1368. Thus, a shipper who is required by a bill of lading to make a written claim of damage within a specified time cannot recover damages if a written claim is not filed. *Mackie,* 195 F.2d at 643. After *Taisho,* a written notice of damage, coupled with a clearly communicated intent to hold the carrier liable, plus the carrier's investigation, suffices as a written claim.[1] *Taisho,* 762 F.2d at 1368.

While the facts in this case suggest that Culver substantially complied with the written notice requirement,[2] we agree with Boat Transit that, on remand, it should be allowed to respond to Culver's motion for summary judgment. In light of our decision in *Taisho,* the district court's grant of Boat Transit's summary judgment must be reversed. Our resolution makes it unnecessary to consider at this time Culver's alternative argument that Boat Transit is estopped from raising the nine month notice requirement.

Each party is to bear its own costs for this appeal. Any future appeals in this case are to be referred to this panel.

**REVERSED and REMANDED.**

---

1. 49 C.F.R. § 1005.2(c) (1984) does not compel a different conclusion. That section provides:

   **Documents not constituting claims.** [A]ppraisal reports of damage, notations of ... damage, or both, on freight bills, delivery receipts, or other documents, ... whether the extent of loss or damage is indicated in dollars and cents or otherwise, shall, **standing alone,** not be considered by carriers as sufficient to comply with the minimum claim filing requirements....

   (emphasis added).

   The regulation lends support to *Taisho's* substantial compliance reasoning. The language of the regulation implies that a written notice of damage, in addition to other information and communication, would suffice to meet the written claim requirement.

2. For example, there was a notation on the bill of lading noting the damage caused by the accident. There were surveyors' reports. Boat Transit made a full inquiry. Additionally, the parties engaged in communication which included an agreement between the surveyors on the necessary repairs and the procedures for payment and reimbursement.