**KVAERNER E & C (METALS),**
**Plaintiff,**

v.

**YELLOW FREIGHT SYSTEMS,**
**INC., Defendant.**

**No. C02–1202 BZ.**

United States District Court,
N.D. California.

May 12, 2003.

R. Randall Nye, Raymond A. Tabar, San Ramon, CA, Raymond J. Tittmann, Carroll Burdick & McDonough LLP, San Francisco, CA, for Plaintiff.

James Attridge, Scopelitis Garvin Light & Hanson LLP, San Francisco, CA, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

ZIMMERMAN, United States Magistrate Judge.

Plaintiff Kvaerner E & C (Metals) filed this action against defendant Yellow Freight System, Inc. under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.[1] Plaintiff's claim arises out of a shipment of pumps by defendant to plaintiff in December 1999 and January 2000. Several pumps sustained damage in transit. In an April 4, 2003 Order, I granted plaintiff's motion for

---

1. The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

summary judgment on the issues of liability and the amount of damages, except for interest. Remaining for trial was the issue whether plaintiff gave defendant timely and adequate written notice of claim.

Trial commenced on May 5, 2003. Having considered and weighed the parties' undisputed facts and the evidence adduced at trial, and having assessed the credibility of the witnesses, I now make these findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a).

### FINDINGS OF FACT

1. On December 30, 1999 and January 4, 5, 11 and 12, 2000, defendant delivered pumps to plaintiff's job site in Calipatria, California. Several pumps had sustained damage in transit. On or about January 6, 2000, defendant inspected some of the pumps and completed an inspection report.

2. On February 8, 2000, plaintiff's project manager, Norm Williams, submitted a letter entitled, "Notice of Freight Claim," to Denver Price, the manager of defendant's Calexico, California terminal. The letter stated that plaintiff was undertaking to repair and test the damaged pumps, but that "some of the damage is substantial and will be costly to repair," and that plaintiff "faces time-related liquidated damages which will far exceed" the repair costs. The letter also stated that it "shall serve as notice that Kvaerner **intends to submit a damage claim** to Yellow Freight to recover all costs.... Kvaerner **will quantify and price** the claim as soon as the damage is fully estimated (emphasis added)." Attached to the letter was a list of twenty-two damaged pumps, describing the damage to each pump.

3. On February 8, 2000 Mr. Williams did not have any estimates of the cost of repair or the other possible elements of damage. Mr. Williams was aware of the nine-month limitations period for submit-

ting a claim and the need to quantify the claim, and intended to do so when he had the amounts.

4. After receiving the damaged pumps, plaintiff shipped them to Ingersoll Dresser Pump Company for repair or replacement. On or about March 21, 2000, plaintiff received an invoice from Ingersoll for $65,129.16 for the work. In total, plaintiff incurred $75,981.00 in damages to repair or obtain pumps in good condition, including additional freight charges and time lost.

5. In March 2000, after Mr. Williams received Ingersoll's invoice, he prepared a spreadsheet identifying plaintiff's damages. Mr. Williams called Mr. Price, told him the damage amount and asked him where to send the information. Mr. Price told Mr. Williams to call the toll free number for defendant's claims department. Mr. Williams called the claims department and inquired as to the procedure for submitting his cost information. He was told that he had to submit the information on defendant's claim forms, which were sent to him. Mr. Williams testified that completing defendant's forms was difficult and tedious because he had to link each damaged pump to one of defendant's freight bills, information not captured on his spreadsheet.

6. When defendant is notified of damage to a shipment and inspects the damage, an inspection report is completed. Less then 5% of defendant's inspection reports ripen into a claim. Defendant receives approximately 75,000 claims per year, of which approximately 50% are paid. Of the claims that are denied, fewer than 1% are declined on the basis that they were not timely filed. A claim need not be submitted on defendant's claim forms, but any written claim must contain basic information to be processed. If a written claim contains the required basic information but

only a preliminary cost estimate, the claims department will issue a claim number and the claim will be processed once the final amount is received.

7. On or about December 13, 2000, a few days before Mr. Williams left plaintiff's employ, he completed the claim forms and sent them to defendant via Federal Express. Neither party has a copy of those forms and defendant denied receiving them.

8. Having received no communication from defendant, on October 30, 2001, plaintiff submitted a follow-up on defendant's claim form. On November 2, 2001, defendant requested further information, which plaintiff submitted on November 13 and 14, 2001.

9. Defendant denied the claim on November 21, 2001 as not having been filed within nine months of delivery.

## CONCLUSIONS OF LAW

1. A notice of claim must be in writing and contain (1) "facts sufficient to identify the ... shipment ... of property, (2) [an assertion] of liability for alleged loss, damage, injury or delay, and (3) a claim for the payment of a specified or determinable amount of money." 49 C.F.R. § 1005.2(b).

2. The parties agree that plaintiff's claim should have been filed within nine months of delivery of the pumps, or by no later than mid September, 2000. *See* 49 C.F.R. § 1005.2 (a claim must be filed "within the time limits specified in the bill of lading.").

■ 3. The federal circuits are split as to whether a claim must specify a dollar amount to be legally sufficient under 49 C.F.R. § 1005.2(b). *Compare Nedlloyd Lines v. Harris Transport*, 922 F.2d 905, 907 (1st Cir.1991) and *Pathway Bellows, Inc. v. Blanchette*, 630 F.2d 900, 904 (2nd Cir.1980) (letters that did not specify an amount of money failed to meet the regulatory requirements) *with Insurance Co. of*

*No. Am. v. G.I. Trucking Co.*, 1 F.3d 903, 906 (9th Cir.1993) (rejecting *Nedlloyd* and *Pathway Bellows* ). The Ninth Circuit has held that "written claims are to be construed liberally and that the standard for determining sufficiency is one of substantial performance." The purpose of the claim requirement is "not to permit the carrier to escape liability, but to insure that the carrier may make a prompt and thorough investigation of the claim." *Insurance Co.*, 1 F.3d at 906, 907.

■ 4. Even under the liberal standard applied in the Ninth Circuit, I conclude that the communications between plaintiff and defendant, including the February 8, 2000 letter, do not satisfy the regulatory requirement that a claim, submitted within the nine-month time period, contain a specified or determinable amount of money. As early as March 2000 and no later than June 2000, Mr. Williams knew enough to make a fairly accurate claim estimate, which he could have conveyed to defendant. Although Mr. Williams told this amount to Mr. Price in March 2000, he did not convey the amount in writing within the nine-month period, even after he contacted the claims department and was provided with claims forms. Nor did he submit to defendant his spreadsheet identifying the costs.

5. Plaintiff did not provide a satisfactory explanation as to why Mr. Williams failed to follow through on his intent announced in his February 8th letter, to submit a damage claim, which he believed to be substantial, within the nine-month limitations period. Difficulty in completing a claims form or uncertainty as to whether he had identified all the damage ordinarily does not excuse or extend the nine-month period. This is particularly true here where the amount ultimately claimed was the amount plaintiff knew by June 2000.

6. The purpose of the claim requirement is to encourage the settlement of damage claims without resort to litigation. A claim cannot settle if a defendant does not know how much is sought. Where as here, the claimant knows the amount of the claim, it is far more reasonable to interpret 49 C.F.R. § 1005.2(b) to require the claimant to provide the amount than to require the freight company to try to derive the amount by conducting its own investigation. And claims are more likely to settle if the freight company can do so without incurring the expense of an investigation. Under these circumstances, I conclude that plaintiff failed timely to provide written notice of claim as required by the regulation.

7. Both Ninth Circuit cases on which plaintiff relies are readily distinguishable. In *Insurance Co. of No. Am. v. G.I. Trucking*, 1 F.3d 903 (9th Cir.1993), the plaintiff had timely provided a preliminary estimate of loss in the amount of $100,000 and told defendant that it would send a "final claim" once it had paid its insured. Three months later, it paid the insured $97,500 and promptly filed a claim for $100,000.[2] Here, plaintiff did not timely provide a written estimate and did not timely file a final claim even though it had the requisite information.

8. In *Culver v. Boat Transit*, 782 F.2d 1467 (9th Cir.1986), the shipper was immediately notified of the damage to the transported sailboat, agreed to move the sailboat to a shipyard for repair, agreed to the scope of repair and told the claimant to have his insurance company pay for the repairs and it would then settle the claim. The claimant's insurance company did precisely that and then had its claim rejected by the shipper on the ground that it had never received written notice of claim

within nine months of delivery. Here, other than inspecting the damage upon delivery, there is no evidence that defendant approved the repairs, agreed to pay for them or otherwise involved itself in the resolution of the claim to the degree to which the shipper did in *Culver*.

For the foregoing reasons, judgment shall be entered in favor of defendant.

---

**2.** The opinion does not disclose the basis for the $2,500 differential between the loss and the claim.