KVAERNER E & C (METALS), a
division of Kvaerner U.S. Inc.,
Plaintiff—Appellant,

v.

YELLOW FREIGHT SYSTEM,
INC., Defendant—Appellee.

No. 03–16140.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted April 13, 2005.

Decided May 5, 2005.

Raymond J. Tittmann, Carroll Burdick & McDonough, LLP, San Francisco, CA, Raymond A. Tabar, San Ramon, CA, for Plaintiff–Appellant.

James Attridge, Scopelitis Garvin Light & Hanson LLP, San Francisco, CA, for Defendant–Appellee.

Before: BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM [*]

We reverse the judgment in favor of Yellow Freight System, and direct summary judgment in favor of Kvaerner E & C (Metals). Although the statute [1] and the regulations [2] might be construed otherwise, we are bound by their construction in *Culver v. Boat Transit, Inc.*[3] and *Insurance Co. of North America v. G.I. Trucking Co.*[4]

Kvaerner's February 8, 2000 letter, and the attached itemized list of damage to the pumps, gave Yellow Freight written notice that Kvaerner intended to make a claim. Yellow Freight sent its area representative, Denver Price, to inspect the damage, and Price provided Yellow Freight with his

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 49 U.S.C. § 14706.

2. 49 C.F.R. § 1005.2.

3. *Culver v. Boat Transit, Inc.,* 782 F.2d 1467, 1469 (9th Cir.1986).

4. *Ins. Co. of North America v. G.I. Trucking Co.,* 1 F.3d 903, 906 (9th Cir.1993).

January 6 inspection report. Kvaerner's manager called Price at Yellow Freight within a month of receiving Ingersoll Dresser Pump Company's March 16, 2000 repair invoice, and advised Price that the claim was "in the neighborhood of" $70,000 to $75,000. This was a reasonable estimate of the $75,981 in actual damages. Although Yellow Freight asked Kvaerner to report to another department, and that department asked Kvaerner to provide additional extensive detail on Yellow Freight's forms, which was not done until after the nine-month deadline for making a claim, Kvaerner had already met the nine-month deadline under *Culver* and *G.I. Trucking* before those forms were filed.

*G.I. Trucking* establishes that a reasonable estimate of the damages suffices, even though it is not the exact amount of the claim, and that such "substantial performance" suffices "to permit the carrier to make a prompt and thorough investigation."[5] Although in *G.I. Trucking,* the estimate was provided in writing, *Culver* eliminates the materiality of that distinction. *Culver* holds that "[1] a written notice of damage, coupled with [2] a clearly communicated intent to hold the carrier liable, plus [3] the carrier's investigation, suffices as a written claim."[6] All three requirements were satisfied by Kvaerner by March 2000. Although the carrier was more involved with the repairs in *Culver* than here, that distinction does not make a difference to the timeliness of the shipper's written claim and the carrier's knowledge of the determinable amount.

REVERSED and REMANDED.

---

5.   *Id.* at 907.

6.   *Culver,* 782 F.2d at 1469; *see G.I. Trucking,* 1 F.3d at 906; *see also Taisho Marine & Fire* *Ins. Co. v. The Vessel Gladiolus,* 762 F.2d 1364, 1368 (9th Cir.1985).