**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ESTES EXPRESS LINES, INC.; EXFREIGHT ZETA, INC., <br><br> Defendants-Appellees. | No. 16-56748 <br><br> D.C. No. 3:15-cv-02962-CAB-JMA <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted April 13, 2018[**]
Pasadena, California

Before: ROGERS,[***] BYBEE, and WATFORD, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable John M. Rogers, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiff-Appellant N.Y. Marine brought suit for carrier liability under the Carmack Amendment, 49 U.S.C. § 14706, against Defendant-Appellee Estes as carrier and Defendant-Appellee Zeta as broker, to recover $84,511.23 that N.Y. Marine paid to its insured XPO when a cargo of batteries owned by XPO's customer TransPower suffered damage while carried by Estes. On summary judgment, the district court held that neither Estes nor Zeta was liable to N.Y. Marine, because the loss claims did not indicate "a specified or determinable amount of money." 49 C.F.R. § 1005.2(b) (1972). N.Y. Marine appeals.

We have jurisdiction under 28 U.S.C. § 1291, and we review questions of law de novo. Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

To obtain relief against a carrier under the Carmack Amendment, claimants must comply with "[m]inimum filing requirements." 49 C.F.R. § 1005.2(a)–(b); *Ins. Co. of N. America v. G.I. Trucking Co.*, 1 F.3d 903, 905–06 (9th Cir. 1993). A claim must, at a minimum, "(1) contain[ ] facts sufficient to identify the baggage or shipment (or shipments) of property; (2) assert[ ] liability for alleged loss, damage, injury, or delay; and (3) mak[e] claim for the payment of a specified or determinable amount of money." 49 C.F.R. § 1005.2(b).

2

The forms at issue here lack a specified or determinable claim amount, which is necessary to alert Estes to the extent of its liability: they state that "[e]xtent of damage" is "unknown until cargo is inspected," and merely note the cargo's total value of $148,055.30. Neither Estes nor Zeta was ever told of the results of the January 17 inspection conducted by TransPower and the NYC Transit Authority. A few weeks after the claim was submitted, Zeta warned XPO that "the amount for the referenced claim" was still missing, and that the claim form needed to be updated "to include claim amount." No update followed. In the absence of a "specified or determinable amount" listed on the claim form, and in the absence of any other means for Estes to assess the extent of the loss, the forms did not reasonably permit Estes to apprise itself of the approximate claim value. Merely identifying the upper bound of possible damages with exact damages "TBD" does not suffice. 49 C.F.R. § 1005.2.

Even under our "substantial performance" standard, N.Y. Marine's claim fails. *See N. Pac. Ry. Co. v. Mackie*, 195 F.2d 641, 642–43 (9th Cir. 1952) (finding no liability where claimant told carrier that a final inspection was forthcoming and that the claim amount would be updated, but ultimately provided no update). And unlike wet flour or a cracked sailboat, *see Georgia, F. & A. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 197–99 (1916), *Culver v. Boat Transit, Inc.*, 782 F.2d 1467,

3

1468 (9th Cir. 1986), the damage to batteries here was nonobvious: the damage was out-of-sight without any apparent means for Estes to inspect them. *See G.I. Trucking*, 1 F.3d at 907 ("[W]hile the letter did not specify an amount of damages, that amount was arguably determinable from the other information given in the letter or already available to the carrier."). The district court's judgment is AFFIRMED.